IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**NPC INTERNATIONAL, INC.,**[1]<br>*et al.,*<br><br>Debtors. | Case No. 20-33353 (DRJ)<br>Chapter 11<br><br>**(Jointly Administered)** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d)(1), FED. R. BANKR. P. 4001(a), AND L.B.R. 4001-1**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**THERE WILL BE A HEARING ON THIS MATTER ON SEPTEMBER 4, 2020, AT 9:00 A.M. AT 515 RUSK, HOUSTON, TEXAS 77002.**

**PLEASE NOTE THAT THOUGH THE ENTRY OF GENERAL ORDER 2020-10 ON MARCH 24, 2020, GENERAL ORDER 2020-11 ON APRIL 27, 2020, GENERAL ORDER 2020-17 ON JUNE 12, 2020, AND GENERAL ORDER 2020-18 ON JUNE 29, 2020, THE COURT INVOKED AND THEN EXTENDED AND MODIFIED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and L.B.R. 4001-1, Jessica Edwards ("Ms. Edwards"), hereby moves for an order granting relief from the automatic stay, as follows:

---

[1] The Debtors in these Chapter 11 cases are NPC International, Inc., NPC Restaurant Holdings I, LLC, NPC Restaurant Holdings II, LLC, NPC Holdings, Inc., NPC International Holdings, LLC, NPC Restaurant Holdings, LLC, NPC Operating Company B, Inc., and NPC Quality Burgers, Inc.

## I. Factual Background

1.  On March 6, 2020, Ms. Edwards filed her Original Complaint (the "Complaint") against Debtor NPC International, Inc. (the "Debtor") and others in Circuit Court for Multnomah County, Oregon (the "State Court"), Case Number 20CV12456 (the "State-Court Litigation"). Ms. Edwards filed her Complaint seeking damages for catastrophic personal injuries she suffered when she was run over by a vehicle in the parking lot of defendants' restaurant.

2.  The Debtor and others filed a petition on July 1, 2020 (the "Petition Date") commencing a voluntary case under Chapter 11 (the "Chapter 11 Cases") of title Bankruptcy Code (the "Bankruptcy Code") in this Court.

3.  The commencement of the Chapter 11 Cases on the Petition Date triggered the stay of 11 U.S.C. § 362(a), staying, among other things, continuation of the State-Court Litigation.

4.  The Debtor has applicable insurance coverage for its potential liability related to Ms. Edwards' claims in the State-Court Litigation.

## II. Jurisdiction, Venue, and Statutory Predicates

5.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

6.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The predicates for the relief requested in this motion are 11 U.S.C. §§ 362(d)(1), Fed. R. Bankr. P. 4001, and L.B.R. 4001-1.

## III. Relief Requested

8.  Ms. Edwards requests immediate relief from the automatic stay for the limited purposes of: (1) to liquidate her personal injury tort claim in the State Court; (2) to pursue and

collect any applicable insurance proceeds, and; (3) to amend her proof of claim in the Chapter 11 Cases with the liquidated sum determined by the State Court.  Ms. Edwards does not seek to collect any assets of the bankruptcy estate, except as ordered by the bankruptcy court through the bankruptcy claims distribution process.

### IV.  Basis for Relief

9. The court may terminate, modify, or condition the automatic stay for cause. 11 U.S.C. § 362(d)(1).  The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Bankruptcy Code and whether cause exists must be determined on a case by case basis.  *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).  Allowing a matter to proceed in another forum may constitute cause.  *See id.*

10. Bankruptcy courts routinely lift stays to allow personal injury lawsuits to proceed. In the opinion, *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001), the court stated:

> This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor.  Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate.

*See also In re Fuchs*, No. 05-36028-BJH-7, 2006 WL 6543977, at *2 (Bankr. N.D. Tex, Jan. 26, 2006); *see also Foust v. Munson S.S. Lines*, 299 U.S. 77, 87-88 (1936) (concluding that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since claimant only interested in establishing liability under insurance policy and since reorganization proceeding not adversely affected); *see also In re Fernstrom*, 938 F.2d 731, 736 (7th Cir. 1991) (affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum, and reasoning that the "debtors-defendants suffer little prejudice when they are sued by plaintiffs who

3

seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *see also In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending the litigation); *see also In re Adolf Gobel, Inc.*, 89 F.2d 171, 172 (2nd Cir. 1937) (permitting claimant to liquidate his claim in state court, to "preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment" and will not hinder the reorganization process).

11.  In this instance, although Ms. Edwards has sued the Debtor, she does not seek recovery from the estate's assets. Rather, she merely seeks recovery from the Debtor's insurance coverage. Accordingly, the bankruptcy estate will suffer no prejudice from lifting the automatic stay.

12.  Conversely, if the Court does not lift the stay, Ms. Edwards will suffer irreparable harm because she may never recover from the Debtor's insurance companies. Moreover, because she agrees to limit her recovery to the policy limits of the Debtor's insurance coverage, the only party that stands to benefit financially is the Debtor's insurance companies. Courts have held that it is "grossly unfair" for an insurance company to benefit from the stay at the injured party's expense. *In re Robertson*, 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000).

For these reasons, Ms. Edwards requests this Court to grant this Motion.

WHEREFORE, Jessica Edwards respectfully requests that the Court enter an order in the form submitted with this motion granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), permitting the continuation of the State Court Litigation in the State Court solely to: (i) liquidate her personal injury tort claim in the State Court, (ii) to pursue and collect any

applicable insurance proceeds, and, (iii) to amend her proof of claim in the Chapter 11 Cases with the liquidated sum determined in the State Court. Ms. Edwards does not seek to collect any assets of the bankruptcy estate, except as ordered by the bankruptcy court though the bankruptcy claims distribution process.

Respectfully submitted this 12th day of August, 2020.

> LAW FIRM OF SHAWN M. GRADY, PLLC
>
> By: */s/ Shawn M. Grady*
>     Shawn M. Grady
>     SBOT #24076411
> 2100 West Loop South, Suite 805
> Houston, Texas 77027
> Telephone: 832-692-4542
> Email: *shawn@gradycollectionlaw.com*
>
> ATTORNEY FOR MOVANT

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred with Debtor's counsel, Mr. Phil DiDonato, and that the parties are unable to reach an agreement.

> */s/ Shawn M. Grady*
> Shawn M. Grady

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion and accompany proposed order to the Motion were served on the 12th day of August, 2020, by ECF/Electronic delivery or first class mail, to all counsel of record.

> */s/ Shawn M. Grady*
> Shawn M. Grady