IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**NPC INTERNATIONAL, INC.,**[1]<br>*et al.,*<br><br>**Debtors.** | Case No. 20-33353 (DRJ)<br>Chapter 11<br><br>**(Jointly Administered)** |

**TORT CLAIM CREDITOR'S REPLY IN MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d)(1), FED. R. BANKR. P. 4001(a), AND L.B.R. 4001-1**

Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and L.B.R. 4001-1, Jessica Edwards ("Ms. Edwards"), files her reply in support of an order granting relief from the automatic stay, as follows:

On February 26, 2020, 20 year old Jessica Edwards was standing with a co-worker in a well-lit Pizza Hut parking lot when she was struck and run over by Jeremy Opries, a Pizza Hut delivery driver ("Mr. Oprish"). Declaration of John M. Coletti in Support of Motion for Relief from the Automatic Stay dated September 1, 2020 ("Coletti Decl.") ¶9. Video of the collision demonstrates that liability is clear, and Mr. Oprish did not attempt to stop until his vehicle was on top of Ms. Edwards. *Id*. Ms. Edwards was hospitalized for approximately two months and has incurred medical expenses to date exceeding $900,000. *Id.* at ¶10. Ms. Edwards is medically unable to return to work or to resume her studies at Oregon State University. *Id.* She now requires 24 hour in-home supervision. *Id.* Ms. Edwards ongoing symptoms include seizures, weakness,

---

[1] The Debtors in these Chapter 11 cases are NPC International, Inc., NPC Restaurant Holdings I, LLC, NPC Restaurant Holdings II, LLC, NPC Holdings, Inc., NPC International Holdings, LLC, NPC Restaurant Holdings, LLC, NPC Operating Company B, Inc., and NPC Quality Burgers, Inc.

poor impulse control and cognitive impairment. *Id.* Ms. Edwards remains under the care of an extensive medical team encompassing multiple specialties. *Id.* Ms. Edwards filed her lawsuit in the Oregon Circuit Court for Multnomah County, Oregon (the "State Court"), Case Number 20CV12456 (the "State-Court Litigation"). Video evidence of the incident makes liability clear. *Id.* at ¶9. In addition to Mr. Oprish, the other defendants in the State Court Litigation are Mr. Oprish's employer, NPC International, Inc. (the "Debtor"), and its parent companies and the franchisors, consisting of Pizza Hut of America, Inc., Pizza Hut of Oregon, Inc., Yum! Brands, Inc. and Pizza Hut, LLC. *Id.* at ¶12.

Given the video evidence, it is likely that liability will be admitted. *See, Declarations of Mark Bocci, Keith Dozier, Thomas D'Amore, Don Corson, Eugene Hallman, James Huegli, Timothy Jones, Jane Paulson, Robert Wagner, Michael Wise and Daniel Dziuba* filed contemporaneously with this Reply. Given Ms. Edwards' injuries, the damages Ms. Edwards incurred are significant. *Id.* Accordingly, the main disputed issue in the State Court Litigation will be the liquidation of damages.

The Debtor is a franchisee that owns the Pizza Hut location for which Mr. Oprish worked delivering pizzas and is the primary defendant in the state court lawsuit.

I.  **Cause Exists:** Cause exists to grant relief because 28 U.S.C. § 157(b)(5) prohibits the liquidation of Ms. Edwards' claim in Bankruptcy Court.

Ms. Edwards has established cause to grant relief from stay because her personal injury claims cannot be estimated or liquidated by this Court. 28 U.S.C. §§ 157(b)(2)(B); 157(b)(5); *Mercado v. Fuchs (In re Fuchs)*, No. 05-36028-BJH-7, 2006 WL 6543977, at *3 (Bankr. N.D. Tex. Jan. 26, 2006) (determining that the creditor's claims are personal injury claims subject to 28

U.S.C. § 157(b)(5) and stating "since the Debtor has not removed the State Court Action to the district court, or asked the district court to withdraw the reference of the Non-Dischargebility Action (so the Plaintiff's Claims could be liquidated and determined to be dischargeable or non-dischargeable in a single action), this Court has no choice but to conclude that cause exists under section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay, thereby allowing the Plaintiff's Claims to be liquidated in a court with jurisdiction over those claims.")  Because the Bankruptcy Court lacks jurisdiction for claims estimation or liquidation, there is cause to grant relief from stay.

**II.      The *Sonnax* Factors weigh in favor of granting relief from stay**

The Debtor argues that the relevant *Sonnax* factors weigh in favor of denying relief from stay.  However, the Debtor's arguments do not consider the fact that the liquidation of Ms. Edwards claim cannot be done in this bankruptcy case and requires another forum for liquidation.  With the overlay of the jurisdictional limitations of 28 U.S.C. § 157(b)(2)(B) (excepting the liquidation or estimation of personal injury claims from core proceedings) and 28 U.S.C. § 157(b)(5) (no bankruptcy court jurisdiction to try personally injury tort claims), the Sonnax factors weigh in favor of granting relief from stay as follows.

In support of *Sonnax* Factors 1 and 10, the Debtor cites *Residential Capital, LLC*, 2012 WL 3249641 for the proposition that "claims for damages against [debtors] are the usual grist for the bankruptcy claims process."  However, 28 U.S.C. § 157(b)(5) confirms that Congress requires that creditors with unliquidated personal injury claims to go to another mill to the liquidate personal injury claims. Because liquidation of Ms. Edwards' claim cannot be accomplished

through the usual grist of the bankruptcy claim process, Sonnax Factors 1 and 10 weigh in favor of relief from stay to allow the State Court Litigation to liquidate Ms. Edwards' claim.

In support of *Sonnax* Factor 2, the Debtor cites four cases, none of which involved personal injury tort claims subject to the 28 U.S.C. § 157(b) jurisdictional limitations. Because Ms. Edwards has a due process right to liquidate her claim for purposes of this bankruptcy case, and because 28 U.S.C. § 157(b)(5) prohibits the Bankruptcy Court from liquidating her claim, there will be no depletion of estate resources to liquidate Ms. Edwards' claim because NPC will always be required to litigate in another forum to liquidate Ms. Edwards' claim.

In support of *Sonnax* Factor 5, the Debtor again ignores 28 U.S.C. § 157(b)(5). Ms. Edward's motion argues that the Debtor's insurers would defend the Debtor without depletion of estate assets and Ms. Edwards concedes that this fact may not be accurate given the representations that the Debtor makes about its insurance coverage. However, given the provisions of 28 U.S.C. § 157(b)(5), the Debtor cannot avoid using estate assets to liquidate Ms. Edwards claim. Accordingly, because estate resources must be expended to liquidate Ms. Edwards' claim, Sonnax Factor 5 is neutral. But, with a preference for a plaintiff's choice of forum, this factor weighs in favor of granting relief from stay.

In support of *Sonnax* Factor 6, the Debtor claims that it would need to indemnify the non-debtor defendants in the State Court Litigation. To the extent that any non-debtor defendants in the State Court Litigation could seek indemnification from the Debtor, those are a result of contractual relationships between the debtor and non-debtors. Before any estate assets would be expended for the benefit of the non-debtor defendants, those non-debtor defendants would need to obtain relief from stay to press their indemnity claims outside of the ordinary claim process.

Effectively, the Debtor is arguing that creditors with which the Debtor voluntarily engaged pre-petition should be shielded by the bankruptcy stay while an involuntary creditor with a tort claim should be deprived of a due process right to liquidate her claim. Because 28 U.S.C. § 157 will compel the Debtor to expend estate resources to liquidate Ms. Edwards' claim in another court, this factor is neutral.

The balance of harms weighs heavily in favor of stay relief. As the Complaint attached in the moving papers and the Declaration of John Coletti establish, this is a case involving a substantial personal injury to a 20 year old woman that led two months of hospitalization and nearly $1 million in medical expenses in the first few months of treatment. This treatment is ongoing. Ms. Edwards requires round the clock care and is presently incurring substantial bills for her care.

The Debtor again ignores 28 U.S.C. § 157(b)(5) in arguing that the balance of harms weighs in favor of denying relief from stay. Rather, the Debtor attempts to equate Ms. Edwards claim with ordinary trade type claims that are part of the routine claims resolution process. However, because the Debtor will be required to liquidate Ms. Edwards's claim in another forum, the alleged harm to the Debtor is illusory, as the Debtor will be always required to expend estate assets in another forum.

Ms. Edward's tort claims cannot be liquidated in this Bankruptcy Court and if not liquidated in the state court, would need to be liquidated by the District Court. 28 U.S.C. § 157(b)(5). However, the tort took place in Oregon and all witnesses to the tort and all witnesses treating Ms. Edward's for her injuries are located in Oregon so liquidating the claim in the Southern District of Texas would only serve to increase costs to all parties in the form of travel.

Granting relief from stay to continue the existing State Court Litigation, rather than commencing anew in Federal Court, serves the efficient use of judicial resources because federal courts have no independent basis for federal jurisdiction to resolve Ms. Edwards' claim other than 28 U.S.C. § 1334.

Judge Sharp of the Eastern District of Texas Bankruptcy Court, in an individual chapter 13 case in which a personal injury claimant sought relief from stay, recognized the impact of 28 U.S.C. § 157 with regard to personal injury claims:

> Although the presentation of the evidence left many unanswered questions in this case, there is one overriding consideration that is inescapable. There has been a serious accident and the Creditor has asserted a colorable claim against this Debtor. It is a personal injury and wrongful death claim which cannot be tried in this Court. 28 U.S.C. § 157. This is not simply a case where this Court can rule that the Creditor has made no compelling showing that the Debtor must be forced to leave bankruptcy court and go to another forum for a determination of liability. If this claim is ever liquidated, it must be liquidated in state court or the reference to bankruptcy of this portion of this action must be withdrawn by the Federal District Court and the matter must be liquidated there. There is no reason to believe that the burden on Debtor would be any more onerous to liquidate this action in state court than to have the reference withdrawn and litigate in Federal District Court. This matter cannot go forward in bankruptcy court and if the creditor is not granted relief from the stay, he is left with no remedy in any court. That simply does not comport with due process. Creditor's evidence as to all the traditional tests as to whether or not relief from the stay should be granted was seriously lacking. However, the evidence is clear that the Creditor does have a claim against Debtor and fairness requires that the stay be lifted to allow the claim to be liquidated in state court.

*In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001).

Here, the evidence establishes that Ms. Edwards has suffered significant harm. 28 U.S.C. § 157 prohibits estimation or liquidation of Ms. Edwards' claim in this Court. Because the Debtor will be required to liquidate this claim in another forum, granting relief from stay will not result in an increased burden to the Debtor.

Accordingly, because Ms. Edwards has established cause to grant relief from stay, because the *Sonnax* factors weigh in favor of relief in light of 28 U.S.C. § 157's jurisdictional restrictions, and because denial of relief from stay will impede Ms. Edwards basic due process right to liquidate her claim for the purpose of this Bankruptcy Case, the Court should grant relief from stay to allow the State Court Litigation to proceed.

Respectfully submitted this 2nd day of September 2020.

LAW FIRM OF SHAWN M. GRADY, PLLC

By: */s/ Shawn M. Grady*
    Shawn M. Grady
    SBOT #24076411
2100 West Loop South, Suite 805
Houston, Texas 77027
Telephone:  832-692-4542
Email:  *shawn@gradycollectionlaw.com*

FIELD JERGER, LLP

BY:

/s/ Joseph A. Field
Joseph A. Field, OSB #94071, *Pro Hac Vice* Pending
Field Jerger, LLP
621 SW Morrison St. Portland, OR 97205
Tel.  503 515 3310
Email: joe@fieldjerger.com

ATTORNEYS FOR MOVANT

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred with Debtor's counsel, Mr. Phil DiDonato, and that the parties are unable to reach an agreement.

                                        */s/ Shawn M. Grady*
                                        Shawn M. Grady

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion and accompany proposed order to the Motion were served on the 2nd day of September 2020, by ECF/Electronic delivery or first class mail, to all counsel of record.

                                        */s/ Shawn M. Grady*
                                        Shawn M. Grady