IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NPC INTERNATIONAL, INC. | § | CASE NO.  20-33353-H2-11 |
| Debtor | § | (Chapter 11) |

## MOTION FOR RELIEF FROM STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON OCTOBER 1, 2020, AT 9:30 A.M. AT THE U.S. COURTHOUSE, 515 RUSK AVENUE, COURTROOM 400, 4TH FLOOR, HOUSTON, TX 77002.**

**PURSUANT TO AMENDED GENERAL ORDER 2020-11 ALL HEARINGS SHALL BE HELD BY VIDEO AND AUDIO PARTICIPATION. PLEASE DO NOT APPEAR IN PERSON.**

**Video Participation**
https://www.gotomeet.me/JudgeJones

**Audio Participation**
**(832) 917-1510 Conf. Rm: 205691**

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

CHARLES J. PORTER ("Movant"), brings this Motion for Relief from Stay.  In support, Movant would show:

## INTRODUCTION

1. On or about October 31, 2018, Movant was struck by Andrea E. Shillingford ("Ms. Shillingford"), an employee of NPC INTERENATIONAL, INC. ("Debtor"), as a Pizza Hut delivery driver, which resulted in various injuries, including pain, suffering, and disability, to Movant. As a result of these injuries, Movant seeks to file a lawsuit against Ms. Shillingford and the Debtor for personal injuries in the District Court of Johnson County, Kansas, Civil Court Department. This proposed litigation has been stayed as a result of Sadler's bankruptcy filing.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This motion is brought pursuant to 11 U.S.C. Section 362(d) and in accordance with Rules 4001 and 9014 of the Bankruptcy Rules. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## FACTS

3. Movants seeks to file a lawsuit in the District Court of Johnson County, Kansas, Civil Court Department as a result of injuries sustained on or about October 31, 2018, seeking damages from two defendants, including the Debtor, NPC INTERNATIONAL, INC.

4. At the time the incident made the basis of Movants' lawsuit occurred, Debtor maintained a General Liability Insurance Policy with Old Republic which will cover all or a portion of the damages for which Movant seeks relief against the Debtor.

5. Debtor filed a Chapter 11 bankruptcy on July 15, 2020.

6. The filing of this bankruptcy proceeding has stayed the Movant's ability to file a state court suit as referenced herein above.

**RELIEF SOUGHT**

7. By this Motion, Movant seeks entry of an order that would allow him to pursue a state court cause of action against any and all insurance benefits to which the Debtor is entitled.

8. All relevant factors used to determine whether "cause" exists to allow a pending action to proceed favor modification of the automatic stay. Bankruptcy code section 362(d)(1) provides that the court shall grant relief from the automatic stay provided under subsection (a) "for cause". However, the Code offers no precise definition of what constitutes "cause," and the Firth Circuit explains that "this lack of definition affords 'flexibility to the bankruptcy courts." *In re Mirant Corp.,* 440 F.3d 238, 253 (5th Cir. 2006) (quoting *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986)). The Fifth Circuit has specifically noted that "[b]ecause § 362(d) does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis." *Reitnauer v. Texas Exotic Feline Found., Inc. In re Reitnauer),* 152 F.3d 341, 343 n. 4 (5th Cir. 1998) (citation omitted).

9. With respect to state court litigation, the legislative history of section 362(d) provides that the desire of a party to permit an action to proceed in another tribunal may provide "cause." *Mooney v. Gill,* 410 B.R. 543, 546 (Bankr. S.D. N.Y. 1996). "Cause" for stay modification exists where it is more advantageous to allow a lawsuit involving the debtor to go forward in a tribunal other than the bankruptcy court. As the legislative history of Bankruptcy Code section 362 indicates:

> Undoubtedly the court will lift the stay for proceedings before specialized or nongovernmental tribunals to allow those proceedings to come to a conclusion. Any party desiring to enforce an order in such a proceeding would thereafter have to come to the bankruptcy court to collect assets,' Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the

parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 95-989, 95th Cong., 2d Sess. at 50 (1978).

10. The first three factors set out in *Henderson* above clearly favor modification of the stay. Movant is prepared to prosecute the cause of action referenced above with due haste, which will foster the ultimate resolution of the disputed issues between the parties. Likewise, there are no preliminary bankruptcy issues that would need to be resolved in order for the lawsuit to proceed, again favoring modification of the automatic stay.

11. As to the fourth factor, Movant submits that he has more than a "substantial" likelihood of success on the merits in the state court proceeding and that any recovery shall be paid by Debtor's insurance carrier.

12. WHEREFORE, PREMISES CONSIDERED, Movant, CHARLES J. PORTER, respectfully requests that the Court grant relief from the automatic stay to allow the Movant to prosecute their cause of action against the Debtor, NPC INTERNATIONAL, INC., pursuant to applicable non-bankruptcy law and grant Movant such other and further relief as is just.

Dated: September 4, 2020.

Respectfully Submitted,

LAURA DALE & ASSOCIATES, P.C.

/s/ Liza A. Greene_____
LIZA A. GREENE
State Bar 14547800/Fed. Id. No. 6709
1800 St. James Place, Suite 620
Houston, Texas 77056
Tel: (713) 600-1717
Fax: (713) 600-1718
lgreene@dalefamilylaw.com
COUNSEL FOR MOVANT

**CERTIFICATE OF CONFERENCE**

Undersigned attorney has conferred with Alberto Perez, attorney for Debtor. The Debtor does not take any position to approve or oppose the motion at this time.

/s/ Liza A. Greene
Liza A. Greene

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of the foregoing instrument was served upon all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system and by electronic service or U.S. Mail, postage prepaid, to the following:

NPC International, Inc.
4100 W. 115th Street, Suite 200
Leawood, KS 55211

Alfredo R. Perez
Weil Gotshal & Manges, LLP
700 Louisiana St., Suite 1700
Houston, TX 77002
*Attorney for Debtor*

Ray C. Schrock, P.C.
Kevin Bostel
Natasha Hwangpo
Weil Gosthal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
*Attorneys for Debtor*

Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Eric R. Wilson
Jason R. Adams
Maeghan J. McLoughlin
Sean T. Wilson
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
*Proposed Counsel to the Official Committee of Unsecured Creditors of NPC International, Inc., et al.*

International Pizza Hut Franchise
Holders Association
829 E. Rockhill #201
Wichita, KS 67206
Attn: Joe Linot, Executive Director

| | |
|---|---|
| Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>*Counsel to International Pizza Hut*<br>*Franchise Holders Association* | Jessica Padgett<br>14701 E. 42nd Street S<br>Independence, MO 64055 |
| Burmeister Gilmore LLP<br>14701 E. 42nd Street S<br>Independence, MO 64055<br>Attn: Brett T. Burmeister, Esq.<br>*Counsel to Jessica Padgett* | Realty Income Corporation<br>11995 El Camino<br>San Diego, CA 92130 |
| Jessica Ward<br>c/o Sami R. Achem, Esq. and<br>Victoria M. Merritt, Esq.<br>Cole, Scott & Kissane, P.A.<br>4686 Sunbeam Road<br>Jacksonville, FL 32257 | Jessica Ward<br>9855 Regency Square Blvd., Apt. 16<br>Jacksonville, FL 32225 |
| The Republic Group<br>Attn: General Counsel<br>P.O. Box 809076<br>Dallas, TX 75380-9076 | |

in compliance with Rule 4001-1(a)(4) of the Bankruptcy Local Rules for the Southern District of Texas on this the 4th day of September 2020.

/s/ Liza A. Greene<br>
Liza A. Greene
