

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
10/19/2020

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| NPC INTERNATIONAL, INC., | § | Case No. 20–33353 (DRJ) |
| *et al.*, | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. _664_ |

**ORDER AUTHORIZING DEBTORS TO (I) ESTABLISH
PROCEDURES FOR REJECTION OF UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY
IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of NPC International, Inc. and its affiliated

debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively,

the "**Debtors**"), for an order (a) authorizing the Debtors to establish procedures for the rejection

of unexpired leases and related subleases of nonresidential real property and the abandonment of

certain *de minimis* property in connection therewith, and (b) granting related relief, pursuant to

sections 105(a), 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, all as

more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that

venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided; and such notice having been adequate and appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC; (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Debtors are authorized, but not required, to reject unexpired leases in accordance with the following Lease Rejection Procedures:

   a. <u>Rejection Notice</u>.  The Debtors shall file with this Court and serve on the Rejection Notice Parties (as defined below) a notice (a "**Rejection Notice**"), substantially in the form annexed as **<u>Exhibit 1</u>** to this Order, to reject the unexpired lease(s) and/or sublease(s) identified therein pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the unexpired lease(s) and/or sublease(s) to be rejected; (ii) the names and addresses of the Landlords for such unexpired lease(s) and/or sublease(s); (iii) the proposed effective date of rejection for each such unexpired lease(s) and/or sublease(s); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

   b. <u>Rejection Date</u>. The effective date of rejection for any unexpired lease shall be the later of: (i) service of the Rejection Notice; (ii) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, each as applicable, to the applicable Landlord, or in the absence of delivering such keys and codes, providing written notice to the Landlord that the Landlord may enter and re-let the premises; and (iii) such other date as determined by this Court (the "**Rejection Date**").

   c. <u>Abandonment.</u>  For each lease included in a Rejection Notice, the Debtors shall specify whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the leased premises as of the Rejection Date (collectively, the "**De Minimis Assets**").  With respect to any De Minimis Assets abandoned at one of the Debtors' leased properties, the applicable

2

Landlord or other designee shall be free to dispose of any such De Minimis Assets without notice or liability to any Debtor or non-Debtor third party and without further notice or order of the Court following the Rejection Date. Landlords' rights, if any, to file claims for the costs of disposal of such property are fully reserved, as are the rights of all parties in interest to object to such claims.

Any equipment removed by Pizza Hut, LLC ("**Pizza Hut**") pursuant to the Consent Agreement (the "**Released Equipment**") shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code upon the earlier of: (i) Pizza Hut's removal of the Released Equipment in accordance with the Consent Agreement and related documents between Pizza Hut and its agents and Debtors, or (ii) October 23, 2020. Any Released Equipment remaining at a Debtors' leased premises after October 23, 2020 shall be deemed De Minimis Assets and abandoned upon the Rejection Date.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the leased premises after the Rejection Date, the property shall be deemed abandoned and the Landlord may dispose of any and all such property as set forth above.

d.   Service of the Rejection Notice. The Debtors shall cause each Rejection Notice to be served by overnight mail or email upon: (i) the Landlords affected by the Rejection Notice at the notice address provided for in the applicable unexpired lease or sublease, and their counsel, if known; (ii) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises; (iii) any party known to assert a lien on any real property subject to the lease or sublease; (iv) the U.S. Trustee (Attn: Stephen Stratham, Esq. (stephen.stratham@usdoj.gov), and Hector Duran, Esq. (hector.duran@usdoj.gov)); (v) counsel for the official committee of unsecured creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178      (Attn: Jason Adams, Esq. (jadams@kelleydrye.com), and Maeghan McLoughlin, Esq. (mmcloughlin@kelleydrye.com)); (vi) counsel to the Ad Hoc Priority/1L Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), and Michael J. Cohen, Esq. (mcohen@gibsondunn.com)), and Jackson Walker L.L.P., 1401 McKinney, Suite 1900, Houston, TX 77010 (Attn: Bruce J. Ruzinsky, Esq. (bruzinsky@jw.com)); (vii) counsel to Pizza Hut, McDermott Will & Emery LLP, 2501 North Harwood Street Suite 1900, Dallas, TX 75201-1664 (Attn: Jane Gerber (jagerber@mwe.com)), as applicable, and (viii) to the Wendy's Franchisor Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal (soneal@cgsh.com)), as applicable (collectively, the "**Rejection Notice Parties**").

e.  <u>Objection Procedures</u>.  Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by: (i) the Debtors, NPC International, Inc., 4200 W. 115th Street, Suite 200, Leawood, KS 66211; (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (<u>Attn</u>: Angeline Hwang, Esq. (Angeline.Hwang@weil.com) and Michael Buschmann, Esq. (Michael.Buschmann@weil.com)); and (iii) the Rejection Notice Parties, no later than fourteen (14) days from the date the Debtors serve the Rejection Notice (the "**Rejection Objection Deadline**").  Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection and/or abandonment.

f.  <u>No Objection Asserted</u>.  If no Objection is filed and served by the Rejection Objection Deadline, the Debtors may submit the proposed order approving rejection of the unexpired nonresidential real property lease (the "**Rejection Order**")[3] to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing.  The Rejection Order shall set forth the applicable Rejection Date.  If an Objection is filed for fewer than all of the leases included on the Rejection Notice, the Debtors may proceed to submit a proposed Rejection Order in accordance with the above procedures for the leases on the Rejection Notice for which no Objection was filed.

g.  <u>Unresolved Objections</u>.  If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection after the Rejection Objection Deadline, subject to the Court's schedule.  The Debtors may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be (i) the date to which the Debtors, the Landlord that is the subject of the Unresolved Objection, and the party that has filed the Unresolved Objection, if applicable, have agreed, or (ii) such other date as determined by this Court.

h.  <u>Treatment of Security Deposits</u>.  If the Debtors have deposited funds with a lease Landlord as a security deposit or other similar arrangement, such Landlord may not set off or otherwise use such deposit without prior authorization of this Court or consent of the Debtors.  Any objection of the Debtors to a requested set off may be determined by this Court.

i.  <u>Deadline to File Proofs of Claims</u>.  Claims arising out of the rejection of a lease must be filed on or before the later of: (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases and (ii) thirty (30) days after entry of the applicable Rejection Order.  If a proof of claim is not timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from

---

[3]  The proposed form of Rejection Order is annexed to the proposed Rejection Notice as **Exhibit B**.

asserting claims for rejection damages and from participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

2.      The form of Rejection Notice annexed to this Order as **Exhibit 1** is approved.

3.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon the De Minimis Assets located at the applicable leased premises free and clear of any interests of any party, subject to notice of such abandonment being given in accordance with the Lease Rejection Procedures; *provided that* if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or customers (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court.  Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of De Minimis Assets without notice or liability to any party and without further notice or order of the Court.  Any personal property of the Debtors remaining at the leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date, free and clear of all liens, claims, interests, or other encumbrances.

4.      The Debtors may not abandon any toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at the leased premises, and must remove all such materials from the leased premises designated for rejection prior to rejection.

5.      Notwithstanding anything to the contrary in this Order, except as provided by this and the next paragraph, the Debtors are not authorized to, and shall not, abandon equipment provided by Comcast Cable Communications Management, LLC and its affiliates (collectively,

"**Comcast**") but excluding any inside wiring located in the Debtors' leased premises and headquarters (the "**Comcast Equipment**").  For clarity, the wiring will be subject to abandonment in accordance with this Order and the wiring shall not be removed by Comcast or the Debtors.

6.      Further, notwithstanding anything to the contrary contained in this Order, the Debtors shall inform Comcast via email sent to Comcast at an email address to be provided and Comcast's counsel, Ballard Spahr LLP, 919 N. Market St. Wilmington, DE 19801-3034 (Attn: Matthew G. Summers (summersm@ballardspahr.com)) at least five (5) business days prior to the date on which the Debtors intend to surrender possession of any leased premises in which Comcast Equipment is located.  The Debtors shall cooperate with Comcast to either (i) allow Comcast to retrieve the Comcast Equipment at any time as Comcast and the Debtors may agree, or (ii) to have the Debtors make reasonable efforts at no additional cost to the Debtors, to remove the Comcast Equipment from the leased premises before surrendering possession of the premises to the applicable landlord, package the Comcast Equipment for shipment as best as reasonably possible, and send the Comcast Equipment to Comcast via FedEx using Comcast's prepaid shipping instructions to Comcast Business-Customer Returns, 4400 Port Union Rd., Hamilton, OH 45011 or such other address as provided by Comcast.  Upon shipping Comcast Equipment to Comcast, the Debtors shall provide email notice to Comcast concerning such shipment.  Nothing herein shall alter, amend, modify, or waive Comcast's rights and remedies under its contracts with the Debtors or applicable law, all of which rights are expressly preserved.  Provided the Debtors have provided the five (5) business days' notice to Comcast required by this paragraph and made reasonable efforts to remove the Comcast Equipment as required by this paragraph, to the extent the Debtors are unable to locate Comcast Equipment or any Comcast Equipment remains at any

leased premises following the Rejection Date, such Comcast Equipment will be deemed abandoned as provided by paragraph 1 of this Order.

7.      Approval of the Lease Rejection Procedures and entry of this Order will not prevent the Debtors from seeking to reject a lease by separate motion or pursuant to a chapter 11 plan.

8.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10.      Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

11.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  October 19, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>Exhibit 1</u>**

**Rejection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| NPC INTERNATIONAL, INC., | § | Case No. 20–33353 (DRJ) |
| *et al.*, | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

NOTICE OF REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

---

**BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTER-PARTIES
PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE
SHOULD LOCATE THEIR RESPECTIVE NAMES AND LEASES LISTED ON
EXHIBIT A ANNEXED HERETO**

---

**PLEASE TAKE NOTICE** that, on July 1, 2020 (the "**Petition Date**"),[2] NPC International, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2020, the Bankruptcy Court entered an order approving, among other relief, certain procedures for the rejection of the Debtors' unexpired nonresidential real property leases [Docket No. ___] (the "**Rejection Procedures Order**"). An electronic copy of the Rejection Procedures Order can be found at https://dm.epiq11.com/npc.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease(s) set forth on the schedule annexed hereto as **Exhibit A** (each, a "**Rejected Lease**," and together, the "**Rejected**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for Entry of Order (I) Approving Procedures for Rejecting Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith and (II) Granting Related Relief* [Docket No. ___].

Leases"), effective as of the date of rejection listed for each Rejected Lease (the "**Rejection Date**").

PLEASE TAKE FURTHER NOTICE that, the Debtors intend to abandon the personal property remaining in or on the property that is the subject of the Rejected Leases as described in the scheduled attached hereto as **Exhibit A** (if any). Pursuant to the terms of the Rejection Procedures, upon entry of the Rejection Order (defined below), the Landlord shall be entitled to use or dispose of such abandoned personal property without further notice or order of the Court and without notice or liability for such disposal to the Debtors or any third party.

PLEASE TAKE FURTHER NOTICE that, any party wishing to object to the Debtors' proposed rejection of a Lease, or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") <u>so that it is actually filed with the Bankruptcy Court and served on the following parties no later than</u> [___]<u>³</u> (the "**Rejection Objection Deadline**"): (i) the Debtors, NPC International, Inc., 4200 W. 115th Street, Suite 200, Leawood, KS 66211; (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (<u>Attn</u>: Angeline Hwang, Esq. (Angeline.Hwang@weil.com) and Michael Buschmann, Esq. (Michael.Buschmann@weil.com)); (iii) the Landlords affected by the Rejection Notice at the notice address provided for in the applicable unexpired lease or sublease, and their counsel, if known; (iv) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises; (v) any party known to assert a lien on any real property subject to the lease or sublease; (vi) the U.S. Trustee (<u>Attn</u>: Stephen Stratham, Esq. (stephen.stratham@usdoj.gov), and Hector Duran, Esq. (hector.duran@usdoj.gov)); (vii) counsel for the official committee of unsecured creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (<u>Attn</u>: Jason Adams, Esq. (jadams@kelleydrye.com), and Maeghan McLoughlin, Esq. (mmcloughlin@kelleydrye.com)); (viii) counsel to the Ad Hoc Priority/1L Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (<u>Attn</u>: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), and Michael J. Cohen, Esq. (mcohen@gibsondunn.com)), and Jackson Walker L.L.P., 1401 McKinney, Suite 1900, Houston, TX 77010 (<u>Attn</u>: Bruce J. Ruzinsky, Esq. (bruzinsky@jw.com)); (ix) counsel to Pizza Hut, McDermott Will & Emery LLP, 2501 North Harwood Street Suite 1900, Dallas, TX 75201-1664 (<u>Attn</u>: Jane Gerber (jagerber@mwe.com)), as applicable, and (x) counsel to the Wendy's Franchisor Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (<u>Attn</u>: Sean A. O'Neal (soneal@cgsh.com), as applicable (collectively, the "**Rejection Notice Parties**").

PLEASE TAKE FURTHER NOTICE that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Leases (each such order, a "**Rejection Order**"), substantially in the form annexed hereto as **Exhibit B**, and the Bankruptcy Court may enter such order without a hearing. If an Objection is filed for fewer than all of the Leases included on this Rejection Notice, the Debtors may submit a proposed Rejection

---

³ Fourteen (14) days after service of this Rejection Notice.

Order in accordance with the above procedures for the Rejected Leases for which no Objection was filed.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection after the Rejection Objection Deadline, subject to the Court's schedule. The Debtors may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be (i) the date to which the Debtors, the Landlord that is the subject of the Unresolved Objection, and the party that has filed the Unresolved Objection, if applicable, have agreed, or (ii) such other date as determined by this Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a lessor as a security deposit or arrangement, such lessor or lease counterparty may not off-set or otherwise use such deposit without prior notice to the Debtors.

*[Remainder of Page Left Intentionally Blank]*

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) with respect to rejection of your lease, you must do so by the later of (i) the claims bar date established in these chapter 11 cases, and (ii) 30 days after entry of the Rejection Order.  If you do not timely file such claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11 cases and will be forever barred from asserting a claim for rejection damages and from participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

Dated: _____, 2020
       Houston, Texas

                          _/s/  DRAFT_____

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone:   (713) 546-5000
Facsimile:   (713) 224-9511
Email:      Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Natasha Hwangpo (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email:      Ray.Schrock@weil.com
               Kevin.Bostel@weil.com
               Natasha.Hwangpo@weil.com

*Attorneys for Debtors*

## Exhibit A

**Form List of Rejected Leases**

| Restaurant ID | Debtor Entity | Real Property Lease Address | Type of Lease (Lease or Sublease) | Landlord / Sublessee | Property to be Abandoned | Proposed Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**<u>Exhibit B</u>**

**Proposed Rejection Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                                         |     |                          |
|-----------------------------------------|-----|--------------------------|
|                                         | §   |                          |
| In re                                   | §   | Chapter 11               |
|                                         | §   |                          |
| NPC INTERNATIONAL, INC.,                | §   | Case No. 20–33353 (DRJ)  |
| *et al.,*                               | §   |                          |
|                    Debtors.[1]          | §   | (Jointly Administered)   |
|                                         | §   | Re: Docket No. _____     |

ORDER APPROVING THE REJECTION OF
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to (I) Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith and (II) Granting Related Relief* (Docket No. [__]) (the "**Rejection Procedures Order**");[2] and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "**Rejection Notice**") of their intent to reject the unexpired nonresidential real property leases and/or subleases identified on **Exhibit 1** hereto (the "**Leases**") and to abandon any *de minimis* property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs (such assets, the "**De Minimis Assets**") in accordance with the terms of the Rejection Procedures Order; and such notice having been adequate and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC; (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457).  The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order.

appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Leases are hereby rejected as set forth herein, effective as of the date set forth for each Lease on **<u>Exhibit 1</u>** annexed hereto reflecting the later of: (i) service of the Rejection Notice; (ii) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, each as applicable, to the applicable Landlord, or in the absence of delivering such keys and codes, providing written notice to the Landlord that the Landlord may enter and re-let the premises; and (iii) such other date as determined by the Court (the "**Rejection Date**").

2.      The De Minimis Assets remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3.      With respect to any De Minimis Assets abandoned at one of the Debtors' leased properties, the applicable Landlord or other designee shall be free, after the Rejection Date, notwithstanding the automatic stay, to dispose of such De Minimis Assets without liability to any party and without further notice or order of the Court; and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to any such claims.

WEIL:\97664096\3\65961.0004

4.      If any Landlord asserts a claim against the Debtors arising from the rejection of its Lease, the Landlord shall submit a proof of claim by the later of: (i) the deadline to file general unsecured proofs of claim against the Debtors (the "**Bar Date**") fixed by the Court, and (ii) thirty (30) days after the entry of this Order.  If a Landlord does not timely file a proof of claim for its rejection damages in accordance with the terms of this Order, the Landlord shall forever be barred from asserting a claim arising from the rejection of their Lease, absent further order of this Court to the contrary.

5.      Nothing herein shall prejudice the Debtors' rights to argue that any of the Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

6.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

7.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

3

8.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
        Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit 1</u>**

**Lease Rejection Schedule**

**Rejected Leases**

| Restaurant ID | Debtor Entity | Real Property Lease Address | Type of Lease (Lease or Sublease) | Landlord / Sublessee | Property to be Abandoned | Proposed Rejection Date |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |