IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NPC INTERNATIONAL, INC., et al.[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Case No. 20-33353 (DRJ) |
| | § | |
| | § | (Jointly Administered) |

**OPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY BY CLAIMANTS' GENARO DIAZ AND HER MINOR CHILD, TO PROCEED ONLY AS TO THE DEBTORS' INSURANCE CARRIER(S)**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**A hearing will be conducted on this matter on January 15, 2021, 2:00 o'clock pm in via GoToMeeting. You may participate in the hearing by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge David R. Jones' conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "Judge Jones" in the GoToMeeting app or click the link on Judge David R. Jones' home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge David R. Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

_____

TO THE HONORABLE DAVID JONES, UNITED STATES BANKRUPTCY JUDGE:

Genaro Diaz and her minor child Isabella Diaz, ("Claimants") acting by and through the undersigned attorney and as creditors and parties in interest, hereby moves this court for entry of an order granting Relief from Automatic Stay as to the Debtor's Insurance Policy with Insurance Carriers, including Old Republic Insurance (policy numbers MWZX 314332 19 and MWZX 314332 and Gallager Bassett, as it pertains to Claim No. 003642-018899-ab01 and such other carriers insuring from the Claimants personal injury claims, in support thereof would show:

### I.
### JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and 11 U.S.C. §362.

1. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for relief requested herein is section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d).

### II.
### BACKGROUND FACTS

3. Claimants were passengers in their automobile rear-ended by a motor vehicle owned by or operated in the ordinary course of the business of NPC International, Inc. d/b/a Pizza

Hut Restaurant. Pizza Hut's employee-operator Tammy Ogorman, caused the collision and injury of Claimants, which occurred in Hillsborough County, Florida on October 7, 2019 (the "Accident").

4. Prior to the Bankruptcy filing, Claimants were not aware of the insurance coverage made the basis of this Motion, and it does not appear that Claimants were listed in any of the Schedules of Claimants or Claims made in this Bankruptcy case by the Debtors, and accordingly, no claim against NPC International for injuries sustained in the Accident has yet been made or filed.

5. Claimants suffered significant injuries and has incurred significant medical expenses as a result of the injuries sustained in the Accident.

6. The Debtor carries casualty insurance, including Old Republic Insurance, at least a $1 million combined single limit in insurance coverage with Gallagher Basset Service, Inc. ("Gallagher Bassett"). Prior to the filing of this Motion the Claimants made a claim under the Gallagher Basset agency on the various insurance policies but were not aware of the Debtors' Old Republic Insurance policies prior to shortly before filing this Motion.

7. The Creditor has incurred damages from medical expenses and pain and suffering that could be worth up to $3 million based on the expert analysis and the belief of Claimants' Personal Injury attorney.

8. Thus, the Claimants have a considerable financial interest in obtaining leave of this Court to proceed with a civil action in the State of Florida to receive compensation from the Debtor's insurance companies for the medical expenses and pain and suffering caused by the Accident.

9. The proceeds of these insurance policies are not property of the Debtors' estate and it is clear that there is no risk that this Debtor will exhaust all coverage prior to the handling

and payment, if any, on this claim by its carriers.

10. Any settlement received up to the policy limits would not affect the restructuring process that a Debtor undergoes in a Chapter 11 Bankruptcy.

11. Additionally, 28 U.S.C. §157(b)(5) requires that all personal injury and wrongful death claims must be tried in a Federal District Court. Thus, an adversary proceeding in the Bankruptcy court is not an option available to the Debtors. If this Court does not grant the sought relief from stay, the Creditor will essentially be required to seek withdrawal of the reference of this personal injury claim and file their Complaint in the U.S. District Court where such claim must be determined, leaving the Creditor with numerous medical bills for injuries that were sustained due to no fault of their own, and await resolution after completing that process. Were that required, the estate could potentially be liable for the non-covered portion of the injuries and damages sustained. This Motion seeks to avoid that delay and any residual or future liability of these Debtors.

12. Claimants' have reached an agreement with the Debtors to the entry of the Order modifying stay attached hereto, providing that Claimants may proceed against the Debtors limited to the amount of available insurance coverage owned by the Debtor and insuring from such personal injury claims. The agreement will require that the Claimants waive any part or portion of their claims against the Debtors to the extent that such claims result in a judgment that is not paid by available insurance.

### III.
### RELIEF REQUESTED

**A. Plaintiffs Seek an Order of this Court Lifting the Automatic Stay to Pursue Claims and Causes of Action Subject to Existing Insurance Coverage and Not Comprising Property of the Estate of the Debtor**

13. Seeking to proceed in their action only regarding the recovery of damages from

insurance covered events, Plaintiffs seek a modification of the automatic stay to allow a State Court Lawsuit to begin, with any actual recovery in the State Court Lawsuit being capped initially to the proceeds of the Insurance Policies, with any deficiency to be filed as a proof of claim in the Bankruptcy without any efforts to enforce any deficiency judgment except in this Bankruptcy Court and bankruptcy proceeding.

14. By this Motion, pursuant to section 362(d) of the Bankruptcy Code, the Plaintiffs respectfully seeks entry of an order, substantially in the form attached hereto, modifying the automatic stay to allow a State Court Lawsuit to begin and proceed to mediation; provided that any settlement in the State Court Lawsuit is limited to amounts recoverable under the Insurance Policies, and releasing the Debtor's estate from any liability to Plaintiffs relating to a State Court Lawsuit. Given the waiver of the ability to recover any amounts from the Debtor's estate if the parties are able to settle, and the insurance companies are providing the defense in the State Court Lawsuit when filed, there is little, if any, burden on, or harm to, the Debtors by granting the relief requested herein.

15. By this Motion Claimants intend that a proof of claim is deemed filed, but intend to promptly file a proof of claim which such proof shall be amended or withdrawn, depending upon the relief granted to this Motion.

## IV.
## ARGUMENTS AND AUTHORITIES

16. On the filing of an involuntary case, the automatic stay immediately applies just as if the case were filed by the Debtor as a voluntary case.

17. All parties before the Court agree, and the case law is clear, that the Debtor's ownership of the insurance Policy makes the Policy (as opposed to the policy proceeds) "property of the estate" under Section 541 of the Code. See 28 U.S.C. § 1334; *In re Edgeworth*, 993 F.2d

51, 56 (5th Cir. 1993) ("... courts are generally in agreement that an insurance <u>policy</u> will be considered property of the estate . . . .");[2] *see also In re Vitek, Inc.*, 51 F.3d 530, 533 (5th Cir. 1995); *In re Louisiana World Exposition*, 832 F.2d 1391, 1399 (5th Cir. 1987). According to *Edgeworth* "[o]nce a court has determined that an **insurance policy** is property of the estate, 11 U.S.C. § 362 should stay any injured party from suing or recovering <u>from the debtor's insurer</u>." *Id.* at note 21. (Emphasis added.). *Edgeworth* elaborates on this bankruptcy jurisdiction to protect the Policy and Proceeds as follows:

> Once a court has determined that an **insurance policy** is property of the estate, 11 U.S.C. § 362 should stay any injured party from suing or recovering <u>from the debtor's insurer</u>. The stay will adequately protect both the bankruptcy estate and the claimants' interests in the proceeds of the policy.

*Id.* at 56 (Emphasis Added.). Edgeworth agrees that "[w]hen a payment by the insurer cannot inure to the debtor's pecuniary benefit. . ." as in the proceeds from a "typical liability policy," such proceeds are not property of the estate. *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

18. Section 362(d) of the Bankruptcy Code allows for the modification of the automatic stay and states in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
>     (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d). Here cause is the right to proceed against any casualty insurance proceeds not comprising property of these Debtors' estates.

---

[2] Edgeworth, citing for this proposition *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3d Cir.1993); *McArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89 (2d Cir.), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1399 (5th Cir.1987); *Tringali v. Hathaway Machine Co.*, 796 F.2d 553 (1st Cir.1986); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1985), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Davis*, 730 F.2d 176 (5th Cir.1984); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983). *Id.* at Note 11, pg. 55.

19. Because the automatic stay enjoins all efforts against any property of the estate, injured parties frequently file Motions to Lift the Automatic Stay in this Court seeking a right to pursue insurance proceeds claims, provided the recovery is limited to the insurance. Those motions are often granted where there is more than sufficient coverage, and most often denied (and objected to) where the coverage will not pay all common-class of creditors (*e.g.* "exhaustion"). *See In re Autoseis Inc.,* Case No. 14-20130 (Bankr. S.D. Tex. Jan 9, 2015) (approving agreement to modify the automatic stay to allow personal injury lawsuit to continue and limiting recovery to the extent of insurance proceeds; *In re Blitz U.S.A. Inc.*, *et al*., Case No. 11-13603 (Bankr. D. Del. Oct. 8, 2013) (approving stipulation to modify automatic stay to allow payment under insurance policy).

20. Factors frequently considered in determining whether to lift the stay to allow a lawsuit to proceed with the debtor as plaintiff or defendant in a non-bankruptcy forum include the balancing of harm or prejudice to the debtor versus the non-debtors, trial readiness, judicial economy, involvement of state law issues, creditor's right to a jury trial, presence of third parties over which bankruptcy court lacked jurisdiction, debtor having chosen the forum pre-petition, conservation of bankruptcy court resources, and whether bankruptcy is being used to find a friendlier venue or avoid adverse rulings. *See, e.g. In re Xenon Anesthesia of Tex. PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996); *In re Fay*, 155 B.R. 1009 (Bankr. E.D. Mo. 1993); *In re TriCare Rehabilitation Systems, Inc.*, 181 B.R. 569 (Bankr. N.D. Ala. 1994); and *In re Anton*, 145 B.R. 767 (Bankr. E.D.N.Y. 1992). In balancing these considerations, courts only consider those factors that are relevant to the particular case at hand and need not assign equal weight to each factor. *In re N.Y. Med. Group, P.C.,* 265 B.r. 408, 413 (Bankr. S.D. N.Y. 2001); *see Patel*, 2010

WL 3239128, at *3; *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994).

21. In this case, application of the factors weighs in favor of modifying the stay to allow Plaintiffs to continue to prosecute their claims in the State Court Lawsuit. Allowing the State Court Lawsuit to proceed will allow the Debtor to completely resolve the issues involved in the action. Avoiding the delay caused by the automatic stay will further the interests of judicial economy and expeditious resolution of the State Court Lawsuit. Further, the application of the automatic stay to the State Court Lawsuit will not cause hardship to the Debtor. See *Sonnax Indus., Inc.*, 907 F.2d at 1286 ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.") (quoting 2 COLLIER ON BANKRUPTCY ¶ 362.07[3] (15th ed. 1980).

22. Most significantly, in the event of any award or settlement in the State Court Lawsuit, allowing the State Court Lawsuit to proceed will not interfere with administration of the Debtors' estates because any applicable insurance proceeds would be paid directly to Plaintiff, and therefore, are likely not property of the estate. *In re Babcock & Wilcox Co.*, No. 02-30721, 2003 WL 21356060, at *1-2 (5th Cir. May 30, 2003) (per curiam); see also *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993) ("When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate."); *La. World Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition, Inc.)*, 832 F.2d 1391, 1401 (5th Cir. 1987) (proceeds were not property of the estate where the debtor had no right to recovery from the insurance policy).

23. Other creditors in the bankruptcy will not be harmed by granting the Motion because Plaintiff's claim may be resolved through the recovery of insurance proceeds. See

*Groover v. R.J. Groover Constr., L.L.C* (*In re R.J. Groover Constr., L.L.C.*), 411 B.R. 460, 465 (Banrk. S.D. Ga. 2008); *Loudon v. Amogio Foods, Inc*. (*In re Loudon*), 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002); *In re G.S. Distribution. Inc.*, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court); *Santa Fe Minerals, Inc. v. BEPCO, L.P.* (In re 15375 Mem'l Corp.), 382 B.R. 652, 690 (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) (lifting stay because movant's "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases"); *In re Winterland*, 101 B.R. 547, 550-51 (Bankr. C.D.Ill. 1988) (modifying automatic stay to allow FDIC to proceed against debtor and other defendants in federal court where debtor was covered by insurance, but barring FDIC from collecting against debtor's assets.

24.     Additionally, the Debtor will not suffer any financial burden from continuing the State Court Lawsuit, because the litigation counsel representing the Defendant Debtor in the State Court Lawsuit has been hired by the Defendant Debtor's insurance company and is not performing services in these Chapter 11 cases. See *In re Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982) (stay lifted to allow civil action to go forward since insurer assumed full responsibility for defending litigation).

25.     Based upon the above, the Plaintiffs believe that cause exists to grant the Motion so that the automatic stay may be modified to allow the State Court Lawsuit to proceed, provided that any recovery or settlement reached in the State Court Lawsuit, including any related attorneys' fees or costs, to the extent applicable, is limited solely to amounts recoverable, if any, under the Insurance Policies and the non-debtor defendants and offset any amounts that would form the basis for a proof of claim filed in the bankruptcy case.

## V.
## CERTIFICATE OF CONFERENCE

26. I certify that I conferred on Friday, December 11, 2020, by e-mail with Phillip Di Danoto counsel for the Debtors and Debtors have not replied as either opposed or agreed to the relief requested and accordingly, the Motion is deemed opposed

## VI.
## CONCLUSION

For the reasons stated above, the Plaintiffs request that this Court enter an order granting relief from the automatic stay imposed by 11 U.S.C. §362 and permit the Movant to proceed in the state court action and to proceed solely against any insurance coverage of the Debtor, and to proceed with its claims against the remaining non-debtor defendants in the case, and to grant Movants any such other and further relief as is just and proper.

Dated: December 15, 2020.

Respectfully submitted,

*/s/ Shelby A, Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
**Jordan, Holzer & Ortiz, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone:  (361) 884-5678
Facsimile:  (361) 888-5555
Email: sjordan@jhwclaw.com
         aortiz@jhwclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 15th day of December 2020, I served a true and correct copy of the foregoing Motion for Relief from Stay as listed on the court's ECF noticing system to the following parties and all parties that receive ECF notifications.

**Debtor's Counsel**
Phil DiDonato
Weil Gotshal, et al
767 Fifth Avenue
New York, NY 10153

Alfredo R Perez
Weil Gotshal, et al
700 Louisiana, Suite 1700
Houston, TX 77002

**U.S. Trustee**
Hector Duran, Jr.
U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

**Official Committee of Unsecured Creditors**
Eric R. Wilson
Sean Thomas Wilson
Kelley Drye and Warren LLP
101 Park Avenue
New York, NY 10178

                    */s/ Shelby A. Jordan*
                    Shelby A. Jordan