IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| NPC INTERNATIONAL, INC., | § | Case No. 20–33353 (DRJ) |
| *et al.*, | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

NOTICE OF REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

> **BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTER-PARTIES PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND LEASES LISTED ON EXHIBIT A ANNEXED HERETO**

**PLEASE TAKE NOTICE** that, on July 1, 2020 (the "**Petition Date**"),[2] NPC International, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on October 19, 2020, the Bankruptcy Court entered an order approving, among other relief, certain procedures for the rejection of the Debtors' unexpired nonresidential real property leases [Docket No. 820] (the "**Rejection Procedures Order**"). An electronic copy of the Rejection Procedures Order can found at https://dm.epiq11.com/npc.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease(s) set forth on the schedule annexed hereto as **Exhibit A** (each, a "**Rejected Lease**," and together, the "**Rejected**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for Entry of Order (I) Approving Procedures for Rejecting Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith and (II) Granting Related Relief* [Docket No. 664].

**Leases**"), effective as of the date of rejection listed for each Rejected Lease (the "**Rejection Date**").

**PLEASE TAKE FURTHER NOTICE** that, the Debtors intend to abandon the personal property remaining in or on the property that is the subject of the Rejected Leases as described in the scheduled attached hereto as **Exhibit A** (if any). Pursuant to the terms of the Rejection Procedures, upon entry of the Rejection Order (defined below), the Landlord shall be entitled to use or dispose of such abandoned personal property without further notice or order of the Court and without notice or liability for such disposal to the Debtors or any third party.

**PLEASE TAKE FURTHER NOTICE** that, nothing in this Notice authorizes the Debtors to lease, sell, or otherwise transfer the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number ("**PII**") of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.  The Debtors shall remove or cause to be removed any confidential and/or PII in any of the Debtors hardware, software, computers or cash registers or similar equipment which are to be sold, donated, transferred, abandoned or otherwise disposed of so as to render the PII unreadable or undecipherable.  Should any third party, including a Landlord or other party, be charged with removing PII located in or on any of the Debtors abandoned assets, written verification shall be provided to the Debtors that no customer PII has been removed, copied, or transferred by any party, and that any records containing PII were shredded, erased, or otherwise modified to render the PII unreadable or undecipherable.

**PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed rejection of a Lease, or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than **January 13, 2021** (the "**Rejection Objection Deadline**"): (i) the Debtors, NPC International, Inc., 4200 W. 115th Street, Suite 200, Leawood, KS 66211; (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Angeline Hwang, Esq. (Angeline.Hwang@weil.com) and Michael Buschmann, Esq. (Michael.Buschmann@weil.com)); (iii) the Landlords affected by the Rejection Notice at the notice address provided for in the applicable unexpired lease or sublease, and their counsel, if known; (iv) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises; (v) any party known to assert a lien on any real property subject to the lease or sublease; (vi) the U.S. Trustee (Attn: Stephen Stratham, Esq. (stephen.stratham@usdoj.gov), and Hector Duran, Esq. (hector.duran@usdoj.gov)); (vii) counsel for the official committee of unsecured creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Jason Adams, Esq. (jadams@kelleydrye.com), and Maeghan McLoughlin, Esq. (mmcloughlin@kelleydrye.com)); (viii) counsel to the Ad Hoc Priority/1L Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), and Michael J. Cohen, Esq. (mcohen@gibsondunn.com)), and Jackson Walker L.L.P., 1401 McKinney, Suite 1900, Houston,

TX 77010 (Attn: Bruce J. Ruzinsky, Esq. (bruzinsky@jw.com)); (ix) counsel to Pizza Hut, McDermott Will & Emery LLP, 2501 North Harwood Street Suite 1900, Dallas, TX 75201-1664 (Attn: Jane Gerber (jagerber@mwe.com)), as applicable, and (x) counsel to the Wendy's Franchisor Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal (soneal@cgsh.com), as applicable (collectively, the "**Rejection Notice Parties**").

**PLEASE TAKE FURTHER NOTICE** that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Leases (each such order, a "**Rejection Order**"), substantially in the form annexed hereto as **Exhibit B**, and the Bankruptcy Court may enter such order without a hearing. If an Objection is filed for fewer than all of the Leases included on this Rejection Notice, the Debtors may submit a proposed Rejection Order in accordance with the above procedures for the Rejected Leases for which no Objection was filed.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection after the Rejection Objection Deadline, subject to the Court's schedule. The Debtors may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing. If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be (i) the date to which the Debtors, the Landlord that is the subject of the Unresolved Objection, and the party that has filed the Unresolved Objection, if applicable, have agreed, or (ii) such other date as determined by this Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a lessor as a security deposit or arrangement, such lessor or lease counterparty may not off-set or otherwise use such deposit without prior notice to the Debtors.

*[Remainder of Page Left Intentionally Blank]*

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) with respect to rejection of your lease, you must do so by the later of (i) the claims bar date established in these chapter 11 cases, and (ii) 30 days after entry of the Rejection Order. If you do not timely file such claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11 cases and will be forever barred from asserting a claim for rejection damages and from participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

Dated: December 30, 2020
      Houston, Texas

    /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:   (713) 546-5000
Facsimile:   (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Natasha Hwangpo (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email:   Ray.Schrock@weil.com
        Kevin.Bostel@weil.com
        Natasha.Hwangpo@weil.com

*Attorneys for Debtors and Debtors-in-Possession*