

ENTERED
01/11/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al.*, | § § § § | Case No. 20–33353 (DRJ) |
| Debtors.[1] | § § | (Jointly Administered) |

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
(Docket No. 1284)

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among NPC International, Inc., as debtor and debtor in possession (the "**Debtor**" or "**NPC**"), and Jessica Edwards (the "**Claimant**"). The Debtor and Claimant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, on July 1, 2020 (the "**Petition Date**"), the Debtor and certain of its debtor affiliates (collectively, the "**Chapter 11 Entities**") each commenced a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC; (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.	WHEREAS, on March 16, 2020, Claimant commenced an action styled as *Jessica Edwards v. Yum! Brands, Inc. et al.*, Case No. 20CV12456, that currently is pending in the Circuit Court for the State of Oregon for the County of Multnomah (the "**Prepetition Action**") against NPC and non-debtor defendants Jeremy Oprish, Yum! Brands, Inc., Pizza Hut of America, Inc., Pizza Hut of Oregon, Inc., and Pizza Hut, LLC (the "**Non-Debtor Defendants**" and together with NPC, the "**Defendants**").  The Prepetition Action involves claims arising out of an alleged accident with an NPC delivery driver that occurred on February 26, 2020.

C.	WHEREAS, Old Republic Insurance Company ("**Old Republic**") issued to Debtor a policy numbered MWZX 314332-19 and titled "Excess Business Auto" for the policy period from September 30, 2019 to September 30, 2020 (as renewed, amended, modified, endorsed or supplemented from time to time, the "**Old Republic Policy**").  The Old Republic Policy contains a $1,000,000 self-insured retention ("**SIR**") amount and an aggregate deductible ("**Deductible**") in the amount of $1,000,000.

D.	WHEREAS, on August 12, 2020, the Claimant filed a motion for relief from stay (the "**Stay Relief Motion**") [Docket No. 405], to which the Debtor objected [Docket No. 528]. The Court denied the Stay Relief Motion without prejudice.

E.	WHEREAS, on August 26, 2020, the Bankruptcy Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 513], fixing the deadline for filing proofs of claim in these Chapter 11 Cases as September 28, 2020 at 5:00 p.m. (prevailing Central Time).

F.      WHEREAS, a proof of claim was filed on behalf of Claimant on October 2, 2020 at Claim No. 20955 against NPC in the amount of $60,000,000 (the "**Proof of Claim**").

G.      WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      The Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Claimant to continue the Prepetition Action against the Defendants. With regard to the Debtor and the Chapter 11 Entities, the Automatic Stay shall be lifted solely to the extent necessary to permit the Claimant to liquidate any claim asserted in the Prepetition Action and recover from any available insurance proceeds under the Old Republic Policy and any applicable excess policies held by NPC; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against NPC or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer, including for the avoidance of doubt, Old Republic, from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

4. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors and the Chapter 11 Entities or of any related agreements; (ii) creates any new direct right of action by the Claimant against any of the Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of the Claimant or the rights of any insurer to claim, contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any claims to invoke or defenses to preclude coverage; (iv) precludes or limits, in any way, the rights of Old Republic or any insurer against the Debtors or third parties, including the right to seek reimbursement of any expenses incurred, or payments made, in accordance with the applicable policies, or (v) constitutes a determination or admission that coverage with respect to the Claimants' claims.

5. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim, including for the avoidance of doubt the Proof of Claim, relating to any prepetition action that may be filed by the Claimant in the chapter 11 cases of the Chapter 11 Entities.

6. Upon the Effective Date, the Proof of Claim shall be deemed timely filed against the Debtor in the amount of $2 million, without prejudice to the Claimant's rights to litigate and liquidate its claim in a higher amount in the Prepetition Action, and to timely amend the Proof of

Claim in the amount liquidated in the Prepetition Action. Allowance of any such amended Proof of Claim, however, shall be offset and reduced by the funds the Claimant recovers from the Debtor's insurers on account of the Claimant's liability, as determined in the Prepetition Action; *provided* that the Proof of Claim shall in no event be allowed in an amount exceeding $2,000,000, as the Claimant will pursue the Debtor's insurance coverage to cover any such excess sums. For the avoidance of doubt, the Proof of Claim is not deemed allowed at this time, and nothing herein shall be construed as a waiver of the Debtors' rights to object to the Proof of Claim at a later date.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates, and shall not be construed as a waiver of any rights by the Claimant regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

8. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

10. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date.

13. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of Texas, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

**IT IS SO ORDERED**

Signed: January 11, 2021.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

*[Signature Page Follows]*

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: December 21, 2020 | Dated: December 21, 2020 |
| By: */s/* Alfredo R. Pérez | By: */s/ Joseph A. Field* |
| WEIL, GOTSHAL & MANGES LLP | FIELD JERGER LLP |
| Alfredo R. Pérez (15776275) | Joseph A. Field |
| 700 Louisiana Street, Suite 1700 | 621 SW Morrison, Suite 510 |
| Houston, Texas  77002 | Portland, Oregon 97205 |
| Telephone:  (713) 546-5000 | Telephone:  (503) 228-2265 |
| Facsimile:  (713) 224-9511 | Facsimile:  (503) 225-0276 |
| -and- | -and- |
| WEIL, GOTSHAL & MANGES LLP | PAULSON COLETTI TRIAL ATTORNEYS P.C. |
| Ray C. Schrock, P.C. (admitted *pro hac vice*) | John Coletti |
| Kevin Bostel (admitted *pro hac vice*) | 1022 NW Marshall, Suite 450 |
| Natasha Hwangpo (admitted *pro hac vice*) | Portland OR 97229 |
| 767 Fifth Avenue | Telephone: (503) 226-6361 |
| New York, NY 10153 | |
| Telephone:  (212) 310-8000 | |
| Facsimile:  (212) 310-8007 | |
| *Attorneys for Debtors and Debtors in Possession* | *Attorney for the Claimant* |