IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

| | |
|---|---|
| In re:<br><br>NPC INTERNATIONAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-33353 (DRJ)<br><br>(Jointly Administered) |

**DRIVER CLAIMANTS' MOTION TO ALLOCATE A PORTION OF
DRIVER CLASS CLAIMANTS' COUNSEL'S FEE AND
EXPENSE AWARD TO PAYMENT OF SERVICE AWARDS**

**Please note that through the entry of General Order 2020-10 on March 24, 2020, General Order 2020-11 on April 27, 2020, General Order 2020-17 on June 12, 2020, General Order 2020-18 on June 29, 2020, and general Order 2020-19 on August 7, 2020 the court invoked and then extended and modified the protocol for emergency public health or safety conditions.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the court recommends that you download the free GotoMeeting application. To connect you should enter the meeting code "JudgeJones" in the GotoMeeting app or click the link on Judge Jones' home page on the Southern district of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern district of Texas website and select "Bankruptcy court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "click here to submit Electronic Appearance". Select the case name, complete the required fields and click**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457) (collectively, "Debtors"). Each Debtor's corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

**"submit" to complete your appearance.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Blake Bolin, Eric Brown, Romie Campbell, Jack Carroll, Tony Collins, Shawn David, Michelle Enyeart, Steven Fultz, Michael Gibson, Anthony Hanna, Sentell Hill, Jason Huyett, Amanda Lima, Kristin Marshall, Ann Murray, Chancellor Myers, Naimatullah Nyazee, Susan Overturf, James Platt, Derrick Sapp, David Short, Terry Struhall and David Vega ("Driver Class Claimants"),[2] individually and on behalf of the settlement class ("Class"), respectfully submit this motion for an order allocating a portion of Driver Class Claimants' counsel's award of fees and expenses under the Driver Claimants Settlement described below to service award payments to the 23 Driver Class Clamant Representatives in the amount of $1,000 each ("Service Award"). This Service Award serves to compensate the Driver Class Claimants for their time and effort spent in assisting in the prosecution of the actions on behalf of the Class.

Section 5.2(c) of the Second Amended Plan [Dkt No. 1477] details the terms of the Driver Claimants Settlement (as defined by the Second Amended Plan),[3] the principal terms of which are:

(i)   The Estimation Motion and all related pleadings shall be deemed resolved and withdrawn, and the Driver Claimants 7023 Motion shall be deemed resolved and approved with respect to the certification of the Driver Claimants Certified Class. Upon the entry of the Confirmation Order, the appropriate members of the Driver Claimants Group shall dismiss, with prejudice and with each party bearing its own costs and expenses (including legal fees), the Collins Action and the Marshall Action.

---

[2] Each Driver Class Claimant either served as a named plaintiff in this action or a related pre-bankruptcy action or was prepared to do so.
[3] Undefined capitalized terms shall have the meaning set forth in the Plan or their plain and ordinary meaning.

(ii)     The Driver Claimants Group affirmatively consents or is deemed to consent to the releases provided in Section 10.7(c) of the Second Amended Plan. In addition, each member of the Driver Claimants Certified Class who does not decline to participate in the Driver Claimants Settlement shall be deemed to consent to and be bound by the release provided in Section 10.7(c) of the Second Amended Plan.

(iii)    After entry of the Confirmation Order, the Debtors shall cause to be served the Driver Claimants Settlement Distribution Forms to the Driver Claimants Certified Class, which shall be in form and substance reasonably acceptable to the Debtors, the Driver Claimants Group and approved by the Bankruptcy Court. The Driver Claimants shall have until the Driver Claimants Settlement Distribution Form Deadline to timely submit executed Driver Claimants Settlement Distribution Forms to be entitled to receive a distribution under the Second Amended Plan from the Debtors or Wind Down Co (in connection with any Allowed Driver Admin Claims, Allowed Driver Claimant Priority T1 Claims and Allowed Driver Claimant Priority T2 Claims), as applicable, and/or the GUC Trust (in connection with any Allowed General Unsecured Claims) in accordance with the Driver Claimants Settlement, as provided in Sections 2.1(b), 4.3, and 4.4 of the Second Amended Plan; provided, that, any Driver Claimant that elects not to participate in the Driver Claimants Settlement shall not receive any Plan Distribution under the Second Amended Plan in accordance with the Driver Claimants Settlement and shall not be subject to the releases provided in Section 10.7(c) of the Second Amended Plan.

(iv)    The Driver Claimants Group and the Driver Claimants Settlement Participants, collectively, shall be deemed to hold Allowed Driver Claimant General Unsecured Claims, subject to the Driver Claimants GUC Cap. The maximum Allowed General Unsecured Claims of individual members of the Driver Claimants Group and the Driver Claimants Settlement

Participants shall be determined as follows: (A) each member in the Drivers Claimant Group shall be allowed a Driver Claimants Group General Unsecured Claim in an amount based on the hypothetical mileage reimbursement rate as indicated in the Driver Claimants Settlement Distribution Form and the total number of miles actually driven by such member for the Debtors; provided, that, should the aggregate amount of all Driver Claimants Group General Unsecured Claims exceed the Driver Claimants GUC Cap, each such member shall receive an Allowed Driver Claimants Group General Unsecured Claim in an amount equal to the Pro Rata share of the Driver Claimants GUC Cap; and (B) each Driver Claimants Settlement Participant shall be Allowed a Driver Claimants Settlement Participant General Unsecured Claim in an amount equal to the Pro Rata share of (x) the Driver Claimants GUC Cap, minus (y) the aggregate amount of the Driver Claimants Group General Unsecured Claims; provided, that in the event the aggregate amount of all Driver Claimants Group General Unsecured Claims is not less than the Driver Claimants GUC Cap, the Driver Claimants Settlement Participant General Unsecured Claims shall equal zero and be disallowed and extinguished.

(v) On the Effective Date, the Debtors shall pay the Driver Claimants Group Counsel Settlement Fee Amount in the amount of $2.25 million.  Second Amended Plan, §5.2(c)

Counsel for the Class respectfully requests that $23,000 of the attorneys' fees and expenses for Class counsel approved in the amount of $2.25 million under the Second Amended Plan and Confirmation Order be re-allocated to the Service Awards.  Accordingly, the bankruptcy estate in the above-captioned matter will suffer no prejudice, nor harm, nor be affected in any other way.

Providing service awards to employees who come forward to represent a class is a necessary and important component of any class action settlement:

> Service awards "compensate named plaintiffs for the services they
> provided and the risks they incurred during the course of the class

4

>action litigation." *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2012 WL 161824, at *15 (E.D.La. Jan. 18, 2012) (quoting *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 333 n. 65 (3d Cir.2011)). "It is not unusual for a court to make an 'incentive award' to named plaintiffs because of their sacrifices in pursuit of litigation on behalf of the class." *Cook v. Howard*, No.11-199, 2013 WL 943664, *3 n.4 (S.D.Miss. Mar. 11, 2013) (quoting *In re Catfish Antitrust Litig.*, 939 F.Supp. 493, 503-04 (N.D.Miss.1996)).  Courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives. *See, e.g.*, *McClain v. Lufkin Indus., Inc.*, 2010 WL 455351, *24 (E.D.Tex. Jan. 15, 2010) (granting "named Plaintiffs, Class Representatives, and Class Members ... individual Participation Awards" amounting to a "total of $134,000" divided among "twenty-two individuals"); *In re Catfish Antitrust Litig.*, 939 F.Supp. at 504 ("approving incentive awards of $10,000 to each of the four named plaintiffs"); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 973 (E.D.Tex.2000) ("approving incentive awards of $25,000 to each of two named plaintiffs").

*Jenkins v. Trustmark Nat. Bank*, 300 F.R.D. 291, 305-06 (S.D. Miss. Mar. 25, 2014).

Driver Class Claimant's request of $1,000 per lead plaintiff is modest in comparison to service awards granted in similar litigation, where courts routinely grant service awards much higher than those sought here. *See, e.g.*, *Beebe v. V&J National Enterprises, LLC*, No. 17-06075, 2020 WL 2833009 (W.D.N.Y. 2020) (approving a service award of $15,000 to class representative); *Barkley v. Pizza Hut of America, Inc.*, No. 14-376-37DAB, ECF No. 259, Order granting Motion for Settlement (M.D. Fla. June 21, 2017) (granting service award of $10,000 to each named plaintiff); *Bellaspica v. PJPA*, No. 13-3014, ECF No. 146 (E.D. Pa. June 22, 2016) (granting service awards ranging from $2,500 to $5,000 for the named plaintiffs).

Driver Class Claimants' request is especially reasonable because their service to the Class has been especially laudable.  These Driver Class Claimants regularly conferred with Class Counsel on the progress of litigation and responded to questions from fellow co-workers on the status of the litigation.  Driver Class Claimants reviewed and approved legal filings in this matter,

responded to Defendants' discovery demands, were deposed by NPC, spoke about their experiences with an expert witness, conferred with Class counsel regarding the status of the cases and the settlement negotiations, and at all times encouraged Class counsel to obtain the best possible result for the absent Class members. Last, the internal reallocation of money from Class counsel to the Driver Class Claimants has zero impact on the Debtors' estate or any other creditor.

Prior to the filing of the Motion, the Driver Class Claimants provided Debtors with a draft of this Motion. Debtors have advised that as long as the Plan and Driver Class Settlement are not altered or amended they do not object to the re-allocation by Class counsel of $23,000 of their award of attorneys' fees and expenses to the Driver Class Claimants as sought in the Motion.

Driver Class Claimants therefore respectfully request that the Court approve the payment of a service award to each Driver Class Claimant in the amount of $1,000 ($23,000 total) in recognition of their efforts on behalf of the Class. Class counsel will re-allocate $23,000 from the Class counsel's $2.25 million award for attorneys' fees and expenses.[4]

The requested payments are well-deserved and fall well below the range of incentive awards approved in prior cases. *See, e.g.*, *Beebe*, 2020 WL 2833009. Driver Class Claimants' participation was substantial and indispensable, justifying the Service Award.

Respectfully submitted,

Dated: March 5, 2021       By: /s/ Seth A. Meyer
                               Seth A. Meyer (pro hac vice)
                               sam@kellerlenkner.com
                               KELLER LENKNER LLC
                               150 N. Riverside Plaza, Suite 4270
                               Chicago, Illinois  60606
                               Tel:  (312) 741-5220

---

[4] Such that the attorneys' fees and costs will now be $2,227,000.00.

6

Paul Botros
pbotros@forthepeople.com
MORGAN & MORGAN PA
16255 Park Ten Pl Suite 500
Houston, TX  77084
Tel:  (346) 214-4324

Nicholas F. Kajon (pro hac vice)
nfk@stevenslee.com
Constantine D. Pourakis (pro hac vice)
cp@stevenslee.com
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
Tel:  (212) 319-8500

*Counsel for the Driver Class Claimants*

## CERTIFICATE OF SERVICE

Seth Meyer hereby certifies that on March 5, 2021, the foregoing was filed electronically and is available for viewing via the Court's ECF system; and that, on this date, true and correct copies of the foregoing were served on the Debtors' counsel via electronic mail delivery.

*/s/ Seth A. Meyer*
Seth Meyer
