**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NPC INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 20-33353 (DRJ) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 1577 |

---

**PIZZA HUT, LLC'S LIMITED OBJECTION TO THE JOINT MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE DEBTORS TO
ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR
RESOLUTION OF LITIGATION CLAIMS**

Pizza Hut, LLC ("Pizza Hut"), by its undersigned attorneys, hereby files this limited objection and reservation of rights (this "Limited Objection")[2] to the *Joint Motion of the Official Committee of Unsecured Creditors and the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Litigation Claims and Granting Related Relief* [Docket No. 1577] (the "Motion") and the related alternative dispute resolution procedures contemplated thereunder (the "ADR Procedures").[3]  In support of this Limited Objection, Pizza Hut respectfully states as follows:

---

[1]   The debtors in the above-referenced chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457).  The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2]   The Debtors and the Committee consented to extend Pizza Hut's deadline to object to the ADR Procedures Motion until March 30, 2021 at noon (prevailing Central Time) (the "Extended Deadline").  Pizza Hut shared a draft of this Limited Objection with the Debtors and the Committee on March 29, 2021.

[3]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## PRELIMINARY STATEMENT

1.    While Pizza Hut wholeheartedly supports the implementation of an organized, cost-effective, and efficient process to liquidate and otherwise resolve prepetition personal injury claims, the proposed ADR Procedures fall short and disregard Pizza Hut's rights with respect to important claims in which the parties' interests are intertwined.  Pizza Hut is sometimes erroneously named as a defendant in actions that are more aptly directed towards the Debtors; as such, in the ordinary course of business, NPC's insurers would assume responsibility for Pizza Hut's defense, often seeking to have Pizza Hut and its affiliates dismissed from such matters or otherwise represent Pizza Hut's interests as an indemnitee.  Because the proposed ADR Procedures purport to create a mechanism to resolve personal injury, wrongful death, and property damage claims and suits (collectively, the "Pre-Petition Claims")[4] filed against the Debtors in connection with their pre-Effective Date Pizza Hut™ business (the "Pizza Hut Business"), they necessarily implicate Pizza Hut's contractual, insurance, and other rights.[5]

2.    For these reasons, Pizza Hut, like the Debtors and the Committee, has an interest in the expedient and efficient resolution of the Pre-Petition Claims, as well as the Post-Petition Claims (defined and discussed below).[6]  However, the proposed ADR Procedures still contain

---

[4]    Under the Plan, the Debtors bifurcated the administration of prepetition general unsecured claims and the wind-down of the estates and administration of post-petition claims between the GUC Trustee and the Liquidating Trustee, respectively.

[5]    Nothing herein shall be construed as an admission of liability, an admission that Pizza Hut is a properly named defendant, or a waiver of any of Pizza Hut's rights or defenses in connection with any and all demands, actions, and proceedings of any nature and stage, including any appellate proceedings.

[6]    Since early March, Pizza Hut initially raised the concerns set forth herein, including Pizza Hut's concerns regarding the ADR Procedures, the lack of direction with respect to how post-petition personal injury claims would be addressed, and the lack of clarity surrounding a bar date for those claims.  Starting on March 12, 2021, Pizza Hut has repeatedly requested information regarding the Debtors' insurance policies and the extent of its coverage.  Pizza Hut received some certain information starting on March 16, 2021, but Pizza Hut received the bulk of the information regarding the policies shortly before the Extended Deadline.  Simultaneously, the Debtors informed Pizza Hut that its Extended Deadline would not be extended further.  As such, Pizza Hut has not had an opportunity to review the information.

serious defects.  Specifically, the ADR Procedures should:[7]

- Allocate the proceeds of any Insurance Collateral (defined below) equitably between the Liquidation Trust and the GUC Trust;[8]

- Include governance for (i) claims that have been asserted against Pizza Hut, but relate to the Debtors' business operations, and (ii) claims that may have been filed late, but which have been deemed timely by agreement of the Debtors, the Committee, or the GUC Trustee, as applicable, or by order of this Court;

- Ensure Pizza Hut is adequately apprised of any Pre-Petition Claims related to the Debtors' Pizza Hut Business;

- Require the GUC Trustee to timely consult Pizza Hut with respect to any proposed settlements liquidating any Pre-Petition Claims related to the Debtors' Pizza Hut Business;

- Provide Pizza Hut with consent rights with respect to any proposed resolutions and settlements where Pizza Hut or its affiliates are named as a defendant; and

- Include appropriate releases in any and all settlement agreements.

Pizza Hut believes that, with these modifications, the ADR Procedures present an appropriate, cost-effective mechanism for addressing Pre-Petition Claims and confer a benefit to the Debtors' estates, creditors, and parties in interest.

3.     Importantly, however, while Pizza Hut recognizes that the resolution of such Post-Petition Claims would not be covered by the ADR Procedures currently before the Court, the Plan fails to sufficiently address how post-petition personal injury, wrongful death, and property damages claims against the Debtors (collectively, the "Post-Petition Claims") will be handled.  Nor have the Debtors moved to establish a bar date covering such Post-Petition Claims or clarified that

---

[7]   Pizza Hut will provide a proposed markup of the ADR Procedures and the related order (the "ADR Procedures Order") to the Debtors, the Committee, and the Court in advance of the hearing on this matter.

[8]   Upon information and belief, the applicable Insurance Collateral existed solely in connection with the Debtors' insurance policies with Old Republic Insurance Company ("Old Republic") but has since been fully drawn and no longer exists.  Pizza Hut has requested information about the application of the Insurance Collateral from both the Debtors and Old Republic but has not received it to date and is thus unaware of the extent to which the proceeds of the Insurance Collateral has been applied to Pre-Petition Claims.

the administrative expense claims bar date explicitly covers the Post-Petition Claims, leaving significant questions about the Debtors' ability to resolve or make distributions in connection with the Post-Petition Claims or generally as it is unclear how distributions in respect of Post-Petition Claims would be impacted.  Pizza Hut previously engaged in discussions with the Debtors and the Committee in the hopes of gaining clarity with respect to the procedures for Post-Petition Claims; while those discussions were educational, Pizza Hut has not received sufficient adequate assurance that the Debtors will implement similar procedures with respect to the Post-Petition Claims, meriting the filing of this Limited Objection.[9]

### BACKGROUND

4.     On July 1, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5.     On July 13, 2020, the Office of the United States Trustee for the Southern District of Texas appointed the Committee.

6.     On August 26, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 513], establishing, among other deadlines, September 28, 2020 as the deadline for each person or entity, other than governmental units, to file proofs of prepetition claims (the "Bar Date").

7.     On January 18, 2021, the Debtors filed the *Second Amended Joint Chapter 11 Plan of NPC International, Inc. and its Affiliated Debtors* [Docket No.1443] (the "Plan").

---

[9]     One way for the Debtors and/or the Committee to provide such assurance would be to include the Post-Petition Claims in to the ADR Procedures, or, alternatively, create separate procedures for handling Post-Petition Claims.

8.      On January 25, 2021, the Court entered the *Order (A) Authorizing the Sale of the Acquired Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Purchase Agreement for Such Sale, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (D) Granting Related Relief* [Docket No. 1474] (the "Pizza Hut Sale Order").

9.      On January 29, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of NPC International, Inc. and its Affiliated Debtors* [Docket No. 1528] (the "Confirmation Order").

10.     On March 1, 2021, the Debtors and the Committee jointly filed the Motion, seeking approval of the ADR Procedures.

11.     On March 24, 2021, the sale of the Debtors' Pizza Hut and Wendy's™ assets closed.

12.     To date, forty-three (43) parties have filed approximately sixty-seven (67) Pre-Petition Claims against the Debtors, at least five (5)[10] of which name Pizza Hut or its parent entity, Yum! Brands Inc., as a co-defendant.[11]

## LIMITED OBJECTION

13.     Though Pizza Hut has been engaged in discussions with the Debtors and the Committee, Pizza Hut did not receive adequate assurance from those parties with respect to certain outstanding issues and hereby objects to the Motion and the ADR Procedures on a limited basis to

---

[10]   Because certain of the claims filed in connection with these Pre-Petition Claims do not name the defendants with sufficient specificity, the number of claims involving Pizza Hut is likely higher.

[11]   *See* Claim No. 506 (asserting a $500,000.00 claim against the Debtors, Pizza Hut, Inc., and Pizza Hut of America, Inc.); Claim No. 20490 (asserting a $20,000,000.00 claim against the Debtors and Yum! Brands Inc.); Claim Nos. 42 and 651 (asserting a $450,000.00 claim against the Debtors and Pizza Hut of America, LLC); and Claim No. 21160 (asserting a $2,208,567.41 claim against the Debtors and Yum! Brands Inc.).

apprise the Court of those procedural and substantive concerns that remain unresolved.[12]

## I.     The ADR Procedures Should Be Modified to Address Certain Substantive Defects.

### A.     Insurance Collateral Proceeds

14.     Despite the fact that the Plan bifurcates pre- and post-petition claims between the Liquidation Trust and the GUC Trust, and the same insurance policies cover both sets of claims, the ADR Procedures do not allocate the proceeds of the deductible and/or SIR collateral (collectively, the "Insurance Collateral")[13] among the two Trusts.[14]  To ensure that the proceeds of the Insurance Collateral are not prematurely depleted by the liquidation of the Pre-Petition Claims, such proceeds should be divided equitably between the Liquidation Trust and the GUC Trust. Pizza Hut hereby reserves its rights under the Debtors' insurance policies as well as its rights with respect to the Insurance Collateral and the proceeds thereof, including any and all rights related to insurance coverage claims.

### B.     Clarity on Claims Covered by ADR Procedures

15.     Additionally, the ADR Procedures currently govern only Pre-Petition Claims that have been timely filed against the Debtors.  The ADR Procedures should be modified to include governance for (i) claims that have been asserted against Pizza Hut, but relate to the Debtors' business operations, and (ii) claims that may have been filed late, but which have been deemed

---

[12]   Pizza Hut requests an emergency hearing on this matter, particularly because, on information and belief, it is possible that there effectively is not insurance coverage currently in place for non-owned auto claims, as the applicable policy with Old Republic, which terminated on September 30, 2020, contains a $1 million SIR and the coverage limit is $1 million.

[13]   *See supra*, note 6.

[14]   Under the agreements governing the relationship between Pizza Hut, as franchisor, and the Debtors, as franchisee, Pizza Hut has indemnification and certain additional rights with respect to the Debtors' liability insurance policies, the proceeds thereunder, and any collateral backstopping the same.

timely by agreement of the Debtors, the Committee, or the GUC Trustee, as applicable, or by order of this Court.  To exclude such claims defeats the purpose of the ADR Procedures.

16.     With respect to Post-Petition Claims, the ADR Procedures should either be modified to include Post-Petition Claims, or the Debtors should create a separate set of alternative dispute resolution procedures to be filed via separate motion and served on all applicable notice parties.  Further, to avoid additional confusion, the Debtors should also establish a bar date covering such Post-Petition Claims or clarify that the administrative expense claims bar date, which is currently set to occur forty-five (45) days after the Plan's effective date, explicitly applies to the Post-Petition Claims. *See* Confirmation Order, at ¶ 27; Plan, at § 1.5 (defining "Administrative Expense Claims Bar Date").[15]  Importantly, to ensure all claimants are apprised of the ADR Procedures, any and all parties who have asserted a Pre- or Post-Petition Claim against the Debtors should be served with the ADR Procedures and the ADR Procedures Order, regardless of whether or not they have filed a formal proof of claim or a request for payment of an administrative expense claim.

**II.     The ADR Procedures Should Be Modified to Address Certain Procedural Defects.**

17.     The ADR Procedures do not adequately account for Pizza Hut in certain noticing and procedural aspects of the claims resolution processes.  To ensure Pizza Hut is adequately apprised of any Pre-Petition Claims related to the Debtors' Pizza Hut Business:

- Pizza Hut should be added as a notice party in the ADR Procedures and should receive notice of any and all Pre-Petition Claims related to the Debtors' Pizza Hut Business, providing Pizza Hut the opportunity, not the obligation, to participate in the ADR Procedures process with respect to those claims.

---

[15]   Moreover, an "Administrative Expense Claim" is defined in the Plan as "any Claim for costs and expenses of administration of the Chapter 11 Cases pursuant to sections 327, 328, 330, 365, 503(b), 507(a)(2), or 507(b) of the Bankruptcy Code, including (i) the actual and necessary costs and expenses incurred on or after the Petition and through the Effective Date of preserving the Estates and operating the Debtors' businesses, (ii) Adequate Protection Claims, (iii) Fee Claims, and (iv) Restructuring Expenses."  Plan, at § 1.4.  A non-bankruptcy petitioner with personal injury claims may not understand that the Administrative Expense Claim Bar Date applies to them.

- The Debtors and/or the Committee should provide Pizza Hut with a list of all claims filed, and copies of all demand letters issued, to date and going forward, that pertain to the Debtors' Pizza Hut Business, along with a breakdown of how the proceeds of the Insurance Collateral will be applied to those claims.

- The Debtors and/or the Committee should also promptly cause such alleged holders of these Pre-Petition Claims to be added to the matrix of creditors maintained in these chapter 11 cases.

18.     The ADR Procedures also fail to involve Pizza Hut in any stage of the claims resolution process, notwithstanding the fact that Pizza Hut may be directly implicated in the Pre-Petition Claims and otherwise has a pecuniary and policy interest in how such claims are handled. To remedy this, the ADR Procedures should be amended to require the GUC Trustee to timely consult Pizza Hut with respect to any proposed settlements liquidating any Pre-Petition Claims related to the Debtors' Pizza Hut Business.  Further, if Pizza Hut or its affiliates are named as a defendant with respect to any Pre-Petition Claims, Pizza Hut should have consent rights with respect to any proposed resolutions and settlements, and all settlement agreements involving the Debtors' Pizza Hut Business should include appropriate release parties, including the Franchisors,[16] which is consistent with the Franchisors' rights under the documents governing their relationship with the Debtors.

## RESERVATION OF RIGHTS

19.     Pizza Hut hereby reserves all of its rights with respect to the Motion and accompanying ADR Procedures, including the right to object or raise additional arguments with respect to the relief sought therein up to and including at any related hearing and in connection with any supplemental briefing.  Nothing contained herein shall constitute a waiver of any rights or remedies of Pizza Hut under the Bankruptcy Code or applicable law.  Moreover, nothing

---

[16]   The term "Franchisors" refers to Pizza Hut and Wendy's.

contained herein shall affect Pizza Hut's rights under the Debtors' insurance policies or to insurance or bond-related collateral, and Pizza Hut's rights in connection with the same are hereby preserved.  Nothing herein shall be construed as an admission of liability, an admission that Pizza Hut is a properly named defendant, or a waiver of any of Pizza Hut's rights or defenses in connection with any and all demands, actions, and proceedings of any nature and stage, including any appellate proceedings.

WHEREFORE, Pizza Hut respectfully requests that the Court: (i) deny the Motion to the extent that the Debtors and the Committee seek approval of the ADR Procedures in their present form; (ii) order that the ADR Procedures contain the procedural and substantive revisions discussed herein; and (iii) grant Pizza Hut any other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated:  March 30, 2021

Respectfully submitted,

By: */s/ Charles R. Gibbs*
**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs
Texas Bar No. 07846300
Eric Seitz
Texas Bar No. 24067863
Jane A. Gerber
Texas Bar No. 24092416
2501 N. Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com
        eseitz@mwe.com
        jagerber@mwe.com

-and-

Nathan F. Coco
Texas State Bar No. 24091122
Pennzoil Place
700 Milam Street
Suite 1300, PMB 106
Houston, TX 77002
Telephone: (713) 653-1700
Facsimile: (713) 739-7592
Email: ncoco@mwe.com

*Counsel to Pizza Hut, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Charles R. Gibbs
Charles R. Gibbs

## <u>CERTIFICATE OF CONFERENCE</u>

In accordance with Local Bankruptcy Rule 9013-1(g), I hereby certify that, in an attempt to resolve some or all of Pizza Hut's objections, on multiple occasions, counsel to Pizza Hut conferred with counsel to the Debtors and to the Committee, by phone and email on March 9, 2021, March 12, 2021, March 14, 2021, March 15, 2021, March 23, 2021, March 25, 2021, and March 29, 2021.  Counsel to Pizza Hut intends to continue to reach out to counsel to the Debtors and for the Committee to resolve its objections in advance of the hearing on this matter.

*/s/ Charles R. Gibbs*
Charles R. Gibbs