IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al*, | § § § | Case No.: 20-33353 (DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |

**THE WENDY'S COMPANY JOINDER TO PIZZA HUT, LLC'S LIMITED OBJECTION TO THE JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE DEBTORS TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF LITIGATION CLAIMS**

The Wendy's Company (together with its affiliates "Wendy's") hereby joins (the "Joinder") *Pizza Hut, LLC's Limited Objection to the Joint Motion of the Official Committee of Unsecured Creditors and the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Litigation Claims and Granting Related Relief* to the *First Amended Joint Chapter 11 Plan of NPC International, Inc. and its Affiliated Debtors* (the "Limited Objection") [ECF No. 1638].[2] In support of this Joinder, Wendy's respectfully states as follows:

**JOINDER ARGUMENT**

1. On March 1, 2021, the Debtors and the Official Committee of Unsecured Creditors (the "Committee") filed the *Joint Motion of the Official Committee of Unsecured Creditors and the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Litigation*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

[2] The Debtors and the Committee consented to extend Wendy's deadline to object to the ADR Procedures Motion until March 30, 2021 at noon (CT) (the "Extended Deadline"). Pizza Hut shared a draft of its Limited Objection with the Debtors and the Committee that Wendy's indicated it planned to join on March 29, 2021.

*Claims and Granting Related Relief* [Docket No. 1577] (the "Motion") attaching the proposed alternative dispute resolution procedures contemplated thereunder (the "ADR Procedures").

2. The proposed ADR Procedures create a mechanism to resolve personal injury, wrongful death, and any property damage claims and suits (collectively, the "Pre-Petition Claims") filed against the Debtors in connection with their pre-Effective Date[3] Wendy's business (the "Wendy's Business"). Accordingly, the ADR Procedures implicate Wendy's' contractual, insurance, and other rights.

3. To date, forty-three (43) parties have filed approximately sixty-seven (67) Pre-Petition Claims against the Debtors, however, because certain of the claims filed in connection with these Pre-Petition Claims do not name the defendants or identify the location of injury with sufficient specificity, the number of claims involving Wendy's is unknown.

4. Wendy's participated alongside Pizza Hut in discussions with the Debtors and the Committee in an attempt to resolve the outstanding issues addressed in the Limited Objection but did not receive sufficient assurance that its concerns would be addressed adequately. Wendy's is willing to continue to negotiate with the Debtors and the Committee regarding the ADR Procedures.

5. Respectfully, Wendy's requests that the ADR Procedures be modified to:

- Allocate the proceeds of any Insurance Collateral equitably between the Liquidation Trust and the GUC Trust and, with respect to Post-Petition Claims, the ADR Procedures should either be modified to include Post-Petition Claims,[4] or the Debtors should create a separate set of alternative dispute resolution procedures to be filed via separate motion and served on all applicable notice parties, as detailed in the Limited Objection;

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Limited Objection.

[4] The Debtors should also establish a bar date covering such Post-Petition Claims or clarify that the administrative expense claims bar date, which is currently set to occur forty-five (45) days after the Plan's Effective Date, explicitly applies to the Post-Petition Claims.

- Include governance for (i) claims that have been asserted against Wendy's, but relate to the Debtors' business operations, and (ii) claims that may have been filed late, but which have been deemed timely by agreement of the Debtors, the Committee, or the GUC Trustee, as applicable, or by order of this Court;

- Ensure Wendy's is adequately apprised of any Pre-Petition Claims related to the Debtors' Wendy's Business by, among other things:

    o Adding Wendy's as a notice party in the ADR Procedures and requiring that Wendy's receive notice of any and all Pre-Petition Claims related to the Debtors' Wendy's Business and be afforded the opportunity, but not the obligation, to participate in the ADR Procedures process with respect to those claims.

    o Requiring the Debtors and the Committee to provide Wendy's with a list of all claims filed, and copies of all demand letters issued, to date and going forward, that pertain to the Debtors' Wendy's Business, along with information concerning insurance coverage and a breakdown of how the proceeds of the Insurance Collateral will be applied to those claims.

    o Requiring that the Debtors and/or the Committee promptly cause such alleged holders of these Pre-Petition Claims to be added to the matrix of creditors maintained in these chapter 11 cases.

- Require the GUC Trustee to timely consult Wendy's with respect to any proposed settlements liquidating any Pre-Petition Claims related to the Debtors' Wendy's Business;

- Provide Wendy's with consent rights with respect to any proposed resolutions and settlements where Wendy's or its affiliates are named as a defendant; and

- Include appropriate releases for Wendy's as detailed in the Limited Objection in any and all settlement agreements.

6.  Wendy's joins Pizza Hut in the request for the foregoing modifications as detailed in the Limited Objection, each of which should equally apply to Wendy's,[5] and believes the ADR Procedures as revised will present an appropriate, cost-effective mechanism for addressing Pre-Petition Claims and confer a benefit to the Debtors' estates, creditors, and parties in interest.

---

[5] Wendy's, in connection with Pizza Hut, will provide a proposed markup of the ADR Procedures and the related order (the "ADR Procedures Order") to the Debtors, the Committee, and the Court in advance of the hearing on this matter.

3

**RESERVATION OF RIGHTS**

7. Wendy's hereby reserves all of its rights with respect to the Motion and accompanying ADR Procedures, including the right to object or raise additional arguments with respect to the relief sought therein up to and including at any related hearing and in connection with any supplemental briefing. Nothing contained herein shall constitute a waiver of any rights or remedies of Wendy's under the Bankruptcy Code or applicable law. Moreover, nothing contained herein shall affect Wendy's' rights under the Debtors' insurance policies or to insurance or bond-related collateral, and Wendy's' rights in connection with the same are hereby preserved. Nothing herein shall be construed as an admission of liability, an admission that Wendy's is a properly named defendant, or a waiver of any of Wendy's' rights or defenses in connection with any and all demands, actions, and proceedings of any nature and stage, including any appellate proceedings.

**CONCLUSION**

For the reasons set forth above and in the Limited Objection filed by Pizza Hut, Wendy's respectfully requests that the Court: (i) deny the Motion to the extent that the Debtors and the Committee seek approval of the ADR Procedures in their present form; (ii) order that the ADR Procedures contain the procedural and substantive revisions discussed herein; and (iii) grant Wendy's any other and further relief as is just and proper.

Dated: March 30, 2021

Respectfully submitted,

/s/ Tom A. Howley
**Tom A. Howley**
Texas Bar No. 24010115
**Eric Terry**
Texas Bar No. 00794729
HOWLEY LAW PLLC
Pennzoil Place – South Tower
711 Louisiana St., Suite 1850
Houston, Texas 77002
Telephone: 713-333-9125
Facsimile: 713-659-9601
Email: tom@howley-law.com
Email: eric@howley-law.com

-and-

Sean A. O'Neal
*(Admitted Pro Hac Vice)*
Shannon Daugherty
*(Admitted Pro Hac Vice)*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza, 1 Liberty St,
New York, NY 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Email: soneal@cgsh.com
Email: sdaugherty@cgsh.com

***Counsel to The Wendy's Company***

## CERTIFICATE OF SERVICE

I certify that on March 30, 2021, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in these cases.

/s/ Tom A. Howley
Tom A. Howley