# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

https://www.txs.uscourts.gov/page/bankruptcy-court

In re:

                                        Case No.: 4:20-bk-33353
                                        Chapter 11

NPC International, Inc. et. al.,
Debtor(s).
_____/

**CREDITOR'S, JORDAN MCBRIDE, MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1), FED. R. BANK. P. 4001(a), and LBR 4001-1**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**THERE WILL BE A HEARING ON THIS MATTER ON APRIL 15, 2021 AT 1:00 PM AT 515 RUSK, HOUSTON, TEXAS 77002.**

**PLEASE NOTE THAT THOUGH THE ENTRY OF GENERAL ORDER 2020-10 ON MARCH 24, 2020, GENERAL ORDER 2020-11 ON APRIL 27, 2020, GENERAL ORDER 2020-17 ON JUNE 12, 2020, GENERAL ORDER 2020-18 ON JUNE 29, 2020, GENERAL ORDER 2020-19 ON AUGUST 07, 2020, AND GENERAL ORDER 2020-20 ON OCTOBER 19, 2020 THE COURT INVOKED AND THEN EXTENDED AND MODIFIED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

      Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a), and L.B.R. 4001-1, Jordan McBride ("Mr. McBride"), hereby moves for an order granting relief from the automatic stay, as follows:

**I.      Factual Background**

1. On March 19, 2018, Mr. McBride filed his Original Complaint (the "Complaint") against the Debtor NPC International, Inc. (the "Debtor") in the Second District Court Farmington, Davis County, State of Utah (the "State Court"), Case Number 180700279 (the "State-Court Litigation"). Mr. McBride filed his Complaint seeking damages for personal injuries he suffered in a motor vehicle accident.

2. On April 12, 2015, Mr. McBride was a motorcyclist and was hit by a motor vehicle which was operated by an employee of NPC International, Inc. while the employee was in the course of her employment and performing work duties and caused his injuries (the "Accident").

3. The Debtor and others filed a petition on July 1, 2020 (the "Petition Date") commencing a voluntary case under Chapter 11 (the "Chapter 11 Cases") of title Bankruptcy Code (the "Bankruptcy Code") in this Court.

4. The commencement of the Chapter 11 Cases on the Petition Date triggered the stay of 11 U.S.C. §362(a), staying, among other things, continuation of the State-Court Litigation.

5. The Debtor has applicable insurance coverage for its potential liability related to Mr. McBride's claims in the State-Court Litigation.

**II.     Jurisdiction, Venue, and Statutory Authority**

6. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.  The applicable statutory authority for the relief requested in this motion are 11 U.S.C. §§ 362(d)(1), Fed. R. Bankr. P. 4001, and L.B.R. 4001-1.

### III.  Relief Requested

9.  Mr. McBride requests immediate relief from the automatic stay for the limited purposes of: (1) to liquidate his personal injury tort claim in the State Court; (2) to pursue and collect any applicable insurance proceeds, and; (3) to amend his proof of claim in the Chapter 11 Cases with the liquidated sum determined by the State Court. Mr. Edwards does not seek to collect any assets of the bankruptcy estate, except as ordered by the bankruptcy court through the bankruptcy claims distribution process.

### IV.  Basis for Relief

10. The court may terminate, modify, or condition the automatic stay for cause. 11 U.S.C. § 362(d)(1). The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Bankruptcy Code and whether cause exists must be determined on a case by case basis. See In re Xenon Anesthesia of Texas, PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014). Allowing a matter to proceed in another forum may constitute cause. *See id*.

11. Bankruptcy courts routinely lift stays to allow personal injury lawsuits to proceed. In the opinion, *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001), the court stated:

> This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor. Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate.

*See also In re Fuchs*, No. 05-36028-BJH-7, 2006 WL 6543977, at *2 (Bankr. N.D. Tex, Jan. 26, 2006); *see also Foust v. Munson S.S. Lines*, 299 U.S. 77, 87-88 (1936) (concluding that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward

since claimant only interested in establishing liability under insurance policy and since reorganization proceeding not adversely affected); *see also In re Fernstrom*, 938 F.2d 731, 736 (7th Cir. 1991) (affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum, and reasoning that the "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *see also In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending the litigation); *see also In re Adolf Gobel, Inc.*, 89 F.2d 171, 172 (2nd Cir. 1937) (permitting claimant to liquidate his claim in state court, to "preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment" and will not hinder the reorganization process).

12.     In this instance, although Mr. McBride has sued the Debtor, he does not seek recovery from the estate's assets.  Rather, he merely seeks recovery from the Debtor's insurance coverage. Accordingly, the bankruptcy estate will suffer no prejudice from lifting the automatic stay.

13.     Conversely, if the Court does not lift the stay, Mr. McBride will suffer irreparable harm because he may never recover from the Debtor's insurance companies. Moreover, because he agrees to limit his recovery to the policy limits of the Debtor's insurance coverage, the only party that stands to benefit financially is the Debtor's insurance companies. Courts have held that it is "grossly unfair" for an insurance company to benefit from the stay at the injured party's expense. *In re Robertson*, 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000).

For these reasons, Mr. McBride requests this Court to grant this Motion.

WHEREFORE, Jordan McBride respectfully requests that the Court enter an order in the form submitted with this motion granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), permitting the continuation of the State Court Litigation in the State Court solely to: (i) liquidate his personal injury tort claim in the State Court, (ii) to pursue and collect any applicable insurance proceeds, and, (iii) to amend his proof of claim in the Chapter 11 Cases with the liquidated sum determined in the State Court. Mr. McBride does not seek to collect any assets of the bankruptcy estate, except as ordered by the bankruptcy court though the bankruptcy claims distribution process.

Respectfully submitted this 16th day of March, 2021.

                                              HELGESEN, HOUTZ, & JONES

                                              /s/ Craig P. Helgesen
                                              Craig P. Helgesen
                                              Attorney for Creditor, Jordan McBride
                                              *Pro Hac Vice*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

https://www.txs.uscourts.gov/page/bankruptcy-court

In re:

NPC International, Inc. et. al.,
Debtor(s).
_____/

Case No.: 4:20-bk-33353
Chapter 11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2021, a copy of **CREDITOR'S, JORDAN MCBRIDE, MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1), FED. R. BANK. P. 4001(a), and LBR 4001-1** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

NPC International, Inc. et al. (Debtors)
4200 W. 115th Street, Suite 200
Leawood, KS 55211

Alfredo R. Perez
Weil Gotshal & Manges, LLP
2784, 700 Louisiana St., Ste 1700
Houston, TX 77002
Attorney for Debtor

Ray C. Schrock, P.C.
Kevin Bostel
Natasha Hwangpo
767 Fifth Avenue
New York, New York 10153
Attorneys for Debtor, *Pro Hac Vice*


Heidi G. Goebel
Jill Dunyon
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, UT 84111
Attorney for Creditor for Personal Injury Claim

Chapter 11 Trustee

US Trustee