**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
05/25/2021

| | |
|---|---|
| In re: | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al.*,[1] | Case No. 20–33353 (DRJ) |
| Debtors. | (Jointly Administered) |
| | (Docket No. 1577) |

## ORDER ESTABLISHING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

Upon the joint motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") and the above-captioned debtors and debtors in possession (the "Debtors" and, together with the Committee, the "Movants"), seeking entry of an order establishing alternative dispute resolution procedures attached hereto as Exhibit 1 (the "ADR Procedures") for resolution of pre-petition personal injury and wrongful death claims, and any related property damage claims (collectively, the "Litigation Claims") and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined, based upon the legal and factual bases set forth in the Motion, that the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having determined that the Movants have provided due and proper notice of the Motion and no further notice is necessary; and the Court having

---

[1]     The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Joint Motion of the Official Committee of Unsecured Creditors and the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Litigation Claims and Granting Related Relief* [Docket No. 1577].

found that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein

2.      The ADR Procedures, as amended and set forth on <u>Exhibit 1</u>, are approved to the extent qualified by this Order.

3.      To the extent not already provided, the Liquidating Trust or the GUC Trust, as applicable, shall provide the Franchisors (as defined in the ADR Procedures) with a list of all parties, to the best of the Liquidating Trust's and GUC Trust's knowledge, that asserted prepetition personal injury, wrongful death, and any related property damage claims against the Debtors and/or a Franchisor that have not yet been settled or resolved as of the Effective Date, regardless of whether such party has filed a proof of claim; <u>provided</u> that any information provided by the Liquidating Trust or GUC Trust to the Franchisors shall be kept confidential and the Franchisor may not disclose the contents of such claims without the consent of the claimants or a final order of a court of competent jurisdiction.  If a Franchisor seeks additional information underlying such claims, the Liquidating Trust and the GUC Trust, as applicable, shall provide such information to the extent reasonably practicable and subject to all confidentiality restrictions, which cannot be duly addressed by the Franchisor signing a customary non-disclosure agreement.

4.      The ADR Procedures apply to all Litigation Claims other than the Excepted Claims.

5.      The GUC Trust shall provide the applicable Franchisor with a list of all proofs of claim in respect of Litigation Claims filed in the chapter 11 cases, as well as copies of all complaints, demand letters, or any other similar forms issued, in the GUC Trust's possession as of the date of this Order and going forward, that the GUC Trust receives and reasonably determines assert Litigation Claims involving the Debtors' Pizza Hut Business or the Debtors' Wendy's Business, along with such other information accessible by the GUC Trust on a rolling basis, and upon reasonable request by a Franchisor, provided that in the case of any such confidential information the applicable Franchisor sign a customary

non-disclosure agreement.  For the avoidance of doubt, the GUC Trust will not provide privileged materials to the Franchisors.

6.      To the extent the GUC Trust has actual knowledge that a Franchisor has been named as a defendant in a complaint, or such other demand letter, or other similar form furnished to the GUC Trust by the applicable Franchisor, or in a pending or threatened lawsuit in connection with a Claimant, the GUC Trust shall provide the applicable Franchisor with the Advance Notice (as defined in the ADR Procedures).  If the Franchisor(s) elect(s) to participate in the Proceedings[3] as to a particular Litigation Claim, the GUC Trust shall (i) consult with the Franchisor with respect to any proposed settlements liquidating or otherwise disposing of any such Litigation Claim, and (ii) provide the Franchisor access to communications exchanged during the Proceedings as to that Litigation Claim; provided that the Franchisor shall keep all such communications confidential and the exchange of information shall be governed by all applicable confidentiality restrictions.  Without limiting any rights a Franchisor may have under the applicable insurance policies or applicable law, for the avoidance of doubt, with respect to any written agreement providing for the settlement, resolution or other disposition of a Litigation Claim to which the Franchisor is a party, such Franchisor shall have consent rights.  In the event a settlement, resolution, or disposition is reached with respect to any Litigation Claim, the GUC Trust shall provide reasonable notice of the same to any applicable Franchisor. The GUC Trust and the applicable Franchisor shall then have 14 days to meet and confer and to resolve any outstanding issues with respect to the same.  If the GUC Trust and applicable Franchisor reach an impasse with respect to any outstanding issues, the applicable Franchisor may file a formal objection in the Bankruptcy Court and may request a hearing with respect to the same on an emergency basis.

7.      For the avoidance of doubt in the paragraph above, in the event that (a) a settlement, resolution, or disposition with respect to any Litigation Claim names the Franchisor and a Franchisor is impacted by such settlement, resolution, or disposition or (b) a settlement, resolution, or

---

[3]      "Proceedings" has the meaning ascribed to such term in the ADR Procedures, attached hereto as Exhibit 1.

disposition triggers insurance coverage under the applicable liability policies, and the applicable Franchisor is an insured thereunder, the GUC Trust shall use commercially reasonable efforts to provide that the applicable Franchisor shall be released from any liability on such Litigation Claim under the applicable settlement agreement.  Nothing contained in the ADR Procedures shall constitute an admission by the Franchisors or a waiver of any of their respective rights, all of which are expressly preserved.

8.     With respect to Claim No. 20459 filed by Jacob Roe ("Roe"), the Plan Injunction and the ADR Injunction will be lifted by stipulation on the earlier of (1) an impasse reached during the Mediation Procedures,[4] and (2) one year from the service of the ADR Notice by the GUC Trustee; provided, that Roe shall participate in good faith in the Offer Exchange Procedures[5] and the Mediation Procedures and shall sign the Mediation Report as provided for in the ADR Procedures; provided, further that in the event of an impasse reached during the Mediation Procedures, as reflected by the signing of the Mediation Report, the Plan Injunction and the ADR Injunction shall terminate 30 days thereafter.

9.     The GUC Trust shall be authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures, including, without limitation, by implementing any settlements with respect to the Litigation Claims achieved under the terms of the ADR Procedures and consistent with this Order.

10.    If a Claimant fails to comply with the ADR Procedures, negotiate in good faith, or cooperate with the GUC Trust as may be necessary to effectuate the ADR Procedures, after notice and a hearing, this Court may, among other things, disallow and expunge of the Litigation Claims, or grant such other or further relief.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

---

[4]  "Mediation Procedures" has the meaning ascribed to such term in the ADR Procedures, attached hereto as Exhibit 1.

[5]  "Offer Exchange Procedures" has the meaning ascribed to such term in the ADR Procedures, attached hereto as Exhibit 1.

Signed:  May 25, 2021.

_____

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## Exhibit 1

**ADR Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al.*,[1] | Case No. 20–33353 (DRJ) |
| Debtors. | (Jointly Administered) |

**MANDATORY ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES FOR LITIGATION CLAIMS**

The mandatory alternative dispute resolution procedures (the "ADR Procedures") will be implemented, administered, and coordinated by the NPC International GUC Trust (the "GUC Trust"),[2] which was established as of the Effective Date of the *Second Amended Joint Chapter 11 Plan of NPC International, Inc. and Its Affiliated Debtors* (the "Plan").[3]  Pursuant to the Plan, the GUC Trust is authorized to evaluate, settle, or otherwise resolve all general unsecured claims that were either scheduled by or filed against the above-captioned debtors (the "Debtors") in the Chapter 11 Cases without further order of the Bankruptcy Court.

**I.    CLAIMS SUBJECT TO ADR PROCEDURES**

Other than the Excepted Claims (as defined herein), the ADR Procedures apply to any individual or entity (the "Claimant") holding a claim arising before July 1, 2020 for personal injury, wrongful death, and any related property damage claims against the Debtors (or any of their predecessors in interest's current or former agents, representatives, or employees, including delivery drivers) (the "Litigation Claims"), including any claim that is related thereto by way of, without limitation, subrogation, contribution, or indemnification.[4]  For the avoidance of doubt,

---

[1]    The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.

[2]    These ADR Procedures do not pertain to Administrative Expense Claims—including for the avoidance of doubt any claims arising *on or after* July 1, 2020 for personal injury, wrongful death, and any related property damage against the Debtors—which continue to be resolved and settled in the ordinary course by the Liquidating Trust.  In its judgment, the Liquidating Trust, in its sole capacity, shall have the right, but not the obligation, to file a motion seeking approval of alternative dispute procedures to settle or otherwise resolve such Administrative Expense Claims.

[3]    The Plan was confirmed by entry of an order dated January 29, 2021 [Docket No. 1528] (the "Confirmation Order").  Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Plan.  July 1, 2020 was the date upon which the Debtors commenced their Chapter 11 Cases and hereinafter is referred to as the "Petition Date."

[4]    Certain Litigation Claims may relate to claims against non-debtor third parties which claims are covered, in whole or in part, by the Debtors' insurance policies or for which the Debtors retain ultimate liability pursuant

Driver Claimant General Unsecured Claims and Driver Claimant Admin/Priority Claims shall be separately reconciled by the Debtors or the Plan Administrator (as defined in the Plan).

The following claims shall ***not*** be subject to the ADR Procedures and shall not be Litigation Claims (collectively, the "Excepted Claims"): (a) workers' compensation claims; (b) claims where there is a judgment entered or settlement fully executed by the applicable parties prior to the Effective Date of the Plan; (c) direct claims against the Debtors' insurers arising out of claims for bodily injury in those states allowing direct actions against insurers; (d) claims where the automatic stay has been lifted during the Chapter 11 Cases, or where the Plan Injunction has been lifted following the parties' compliance with these ADR Procedures and which are being actively litigated in a nonbankruptcy forum; (e) Driver Reimbursement Claims, including Driver Claimant General Unsecured Claims and Driver Claimant Admin/Priority Claims, as such terms are used and defined in the Plan; (f) any claims or actions relating to any claims between the Debtors' insurers, on one hand and the Debtors, on the other, including, but not limited to, any action relating to the claims of the insurers or actions relating to any and all irrevocable standby letters of credit or other collateral provided by or for the benefit of the Debtors to the insurers, including any letters of credit that were drawn down by a Third Party Payor (as defined below) prior to the Chapter 11 Cases (collectively, the "Insurers' Collateral"); and (g) any declaratory judgment actions regarding insurance coverage issues, including the applicability of any self-insured retention.

A preliminary list of Claimants holding Litigation Claims that the GUC Trust seeks to liquidate through the ADR Procedures (the "Litigation Claims List") is annexed hereto as **Exhibit A**.  If the GUC Trust becomes aware of any additional Claimants with a claim that was omitted from the Litigation Claims List, the GUC Trust may classify such claim as an "Additional Litigation Claim," by filing notice with the Bankruptcy Court and serving such notice on the holder of the Additional Litigation Claim, the Third Party Payor, if applicable, and the Franchisors.[5]  All Additional Litigation Claims shall be deemed included in the definition of "Litigation Claims" unless otherwise specified herein.

---

to contract, corporate bylaws and/or insurance policies and related agreements (such non-debtor third parties are collectively referred to as the "Indemnitees" and individually as "Indemnitee"). Indemnitees shall include, but are not limited to, (a) any person indemnified by the Debtors, including any Franchisor (as hereinafter defined) to the extent they are indemnified by the pre-Effective Date Debtors under the applicable contracts and agreements governing the relationship of each Franchisor with the pre-Effective Date Debtors, (b) any person, including the Franchisors, to the extent listed as an additional insured or who otherwise qualifies as an insured under the Debtors' liability insurance policies, (c) any current or former direct or indirect parent corporations, affiliates or subsidiaries of the Debtors, (d) the officers, directors, and/or employees of any such parent, affiliate, or subsidiary, and (e) any other entity or individual sharing coverage with the Debtors. Notwithstanding the foregoing, for the avoidance of doubt, nothing in the ADR Procedures shall limit, modify or otherwise affect any releases of non-Debtor Released Parties under the Plan or related injunctions prohibiting actions against any Released Parties under the Plan who also may be Indemnitees, including the Franchisors, as applicable.  Nothing contained in these ADR Procedures or in any order of the Court approving these ADR Procedures shall limit or expand Franchisors' indemnification and other rights under the applicable franchise agreements and related agreements and claims in connection with the Debtors' liability policies.

[5]     The term "Franchisor" mean Pizza Hut, LLC and its affiliates (the "Pizza Hut Franchisor") and The Wendy's Company and its affiliates (the "Wendy's Franchisor," together with the Pizza Hut Franchisor, the "Franchisors" and each a "Franchisor").

If the GUC Trust becomes aware of additional claims that may be considered Litigation Claims, the GUC Trust shall provide notice to the applicable Third Party Payor, and if named as a defendant or if the claim relates to the Debtors' former Pizza Hut Business or the Debtors' former Wendy's Business, the applicable Franchisor. The GUC Trust shall be under no obligation to classify a claim as a Litigation Claim or an Additional Litigation Claim.

**A Claimant need not have commenced a litigation, lawsuit or other proceeding against one or more Debtors or their insurers to have a Litigation Claim. However, in addition to following the ADR Procedures set forth below, except as otherwise herein or otherwise agreed in writing by the GUC Trust or as ordered by the Bankruptcy Court, a Claimant must have filed a proof of claim in the Debtors' chapter 11 cases by September 28, 2020, which was the bar date established by the Bankruptcy Court for filing general unsecured claims (the "Bar Date") to receive a distribution from the GUC Trust. Any proof of claim that was filed after the Bar Date may not be allowed and may be forever barred from consideration or payment from the GUC Trust, whether or not litigation is currently pending. Notwithstanding the fact that a Litigation Claim is not allowed against the Debtors, the Third Party Payors may still pursue their reimbursement rights against the Debtors' or their estates in accordance with the applicable insurance policies and this section does not impact such rights.**

## II.   THIRD PARTY PAYORS

The GUC Trust shall provide the Debtors' insurers or other third party payors, including Lexington Insurance Company, Republic-Vanguard Insurance Company, and Old Republic Insurance Company (collectively, the "Third Party Payors"), and the Debtors' insurance service providers, including but not limited to, Gallagher Bassett and Lockton, with notice of all applicable Litigation Claims subject to the ADR Procedures. If the applicable Third Party Payor(s) elect(s) to participate in any applicable stage of these ADR Procedures, the GUC Trust will send all relevant communications and documentation to the applicable Third Party Payor(s). Further details regarding the notice provided to the Third Party Payors and any election to participate are set forth in Section V below.

The GUC Trust will provide notice to the applicable Third Party Payor(s) if any response to or offer of settlement during the ADR Procedures concerns any Litigation Claim that is or could reasonably be expected to be covered, in whole or in part, by any applicable insurance policy and related agreements (each a "Covered Claim"). A Covered Claim shall include, but is not limited to, a claim for which (i) the demand in a proof of claim or in the Claimant's Demand (as defined herein) exceeds the applicable self-insured retention, (ii) the information in a Claimant's proof of claim reasonably indicates that a Third Party Payor may be responsible for payment, in whole or in part, including with respect to any applicable deductibles, and/or (iii) a Third Party Payor has been named as a party in a suit or similar action or a demand or claim has been tendered against the Third Party Payor directly, and the GUC Trust has been notified that such claim has been tendered against the Third Party Payor.

The applicable Third Party Payor shall have the right, but not an obligation (except as may be provided in the applicable insurance policy and related agreements), to participate in any discussions, negotiations, dispute resolutions, mediations, and litigation (the "Proceedings") and the failure of the applicable Third Party Payor to respond to such notice or to decline to participate

in the Proceedings at any time (i) shall not be construed as a waiver of the right to participate in the Proceedings, or of any coverage defense raised prior to the mediation; provided, however, that the applicable Third Party Payor shall use commercially reasonable efforts to provide notice of any known coverage defenses within 21 days of service of the Advance Notice (as defined herein), and (ii) shall not preclude the applicable Third Party Payor from intervening or participating, in any way, in the Proceedings at any time.

If the Third Party Payor (i) participates in the Proceedings and agrees to the result, or (ii) receives notice of a Covered Claim and (a) does not respond or (b) does not participate in the Proceedings, the Third Party Payor shall be bound by the result of the Proceedings and the outcome of these ADR Procedures.

Under no circumstances shall the Debtors or the GUC Trust be required to pay any amounts within a self-insured retention; provided, however, nothing herein shall create an obligation of any Third Party Payor to pay any portion of a self-insured retention, and such obligations, if any, shall be governed by the terms of the applicable insurance policies and applicable law. Any amount of a Litigation Claim resolved by these ADR Procedures that falls within a self-insured retention amount shall be treated as a General Unsecured Claim and satisfied in accordance with the Plan. With respect to payment of any deductible by a Third Party Payor, the Third Party Payor shall be entitled to its rights under the applicable insurance policies and related agreements and, in addition, can satisfy any amounts from the Insurer's Collateral. If the Insurer's Collateral has been exhausted, then the Third Party Payor may assert a General Unsecured Claim for any such reimbursement, which shall be satisfied in accordance with the Plan. For the avoidance of doubt, nothing in theses ADR Procedures limits a Third Party Payors' rights to assert any Claims in accordance with the Plan; provided that all rights and defenses of the Debtors, the Liquidating Trust and the GUC Trust to object to any such Claims are fully preserved.

## III.  **ROLE OF THE FRANCHISORS**

The GUC Trust shall provide the applicable Franchisor with notice of all applicable Litigation Claims relating to the respective Franchisor or the Franchisors' business subject to the ADR Procedures. If the GUC Trust has actual knowledge that a Franchisor has been named as a defendant, whether in a complaint, or such other demand letter or other similar form that has been furnished to the GUC Trust by the applicable Franchisor, or in a pending or threatened lawsuit with a Claimant, the GUC Trust shall send the Franchisor the Advance Notice (as defined herein) simultaneously with sending the Advance Notice to the Third Party Payors as set forth in Section V. Within 21 days of service of the Advance Notice, the Franchisor must advise the GUC Trust in writing (electronic mail being sufficient) if it elects to participate in the Proceedings as to that particular Litigation Claim. If the Franchisor elects to participate in the Proceedings, the GUC Trust shall (i) consult with the Franchisor with respect to any proposed settlements liquidating or otherwise disposing of any such Litigation Claim, and (ii) provide access to communications exchanged during the Proceedings as to that Litigation Claim; provided, that the Franchisor shall keep all such communications confidential and the exchange of information shall be governed by all applicable confidentiality restrictions. If the Franchisor declines to participate in writing, the GUC Trust shall have no obligation, except as provided herein or under any applicable law or order of the Bankruptcy Court, to consult with the Franchisor at any point during the Proceedings. For the avoidance of doubt, nothing in these ADR Procedures constitutes an admission by the Franchisors or a waiver or limitation of any of their respective rights.

## IV.    ADR AND PLAN INJUNCTION

Upon entry of the order of the United States Bankruptcy Court for the Southern District of Texas entered in the above-captioned cases establishing the ADR Procedures [Docket No.[__]], (the "ADR Order"), all Claimants (and any other persons or entities asserting an interest in the relevant Litigation Claim) shall be and shall continue to be, as applicable, enjoined from commencing or continuing any action or proceeding in any manner or any place, including the Bankruptcy Court, seeking to establish, liquidate, collect or otherwise enforce any Litigation Claim against any Debtor other than through the ADR Procedures described herein (or as otherwise agreed by the parties) (collectively, the "ADR Injunction").  The ADR Injunction shall be in addition to, and cumulative with, the injunction applicable to the Litigation Claims and Claimants, including the injunctions under the Bankruptcy Code or set forth in the Plan (the "Plan Injunction").

In addition, the ADR Injunction shall enjoin Claimants to the fullest extent permitted by applicable law from proceeding against (i) all Indemnitees, (ii) all Third Party Payors, in each case solely with respect to the Litigation Claims, and with the exception of the Excepted Claims, and (iii) the Franchisors, but only to the extent that a Franchisor has been named as a defendant, whether in a complaint, demand letter, or any other similar form, or in a pending or threatened lawsuit in connection with a Litigation Claim.

The ADR Injunction shall expire with respect to a Litigation Claim only when the ADR Procedures have been completed with respect to such Litigation Claim and only as provided for herein.  Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit or modify the Plan Injunction, and the Plan Injunction shall remain in place.

## V.    ADR PROCEDURES

Prior to sending the ADR Notice (as defined herein) to the Claimant(s), the GUC Trust shall provide the applicable Third Party Payors and Franchisors notice (the "Advance Notice") of any Litigation Claim that may be a Covered Claim.  If applicable, the Advance Notice may also include any Immediate Claim Settlement Offer (as defined herein) that the GUC Trust proposes to make to a Claimant.

Within 21 days of service of the Advance Notice, the Third Party Payor must advise the GUC Trust in writing (electronic mail being sufficient) if it elects to participate in the Offer Exchange Procedures (as defined herein) as to that particular Litigation Claim and use commercially reasonable efforts to provide notice to the GUC Trust of any known coverage defenses.  If the Third Party Payor does not respond to the GUC Trust or declines to participate within 21 days of service of the Advance Notice (electronic mail being sufficient), the GUC Trust may proceed to engage in the Offer Exchange Procedures, and the Third Party Payor shall be bound by any resulting settlement.  For the avoidance of doubt, if the applicable Third Party Payor declines to participate in the Offer Exchange Procedures because it contests coverage it shall not be bound by any resulting settlement without the express written consent of such Third Party Payor.

With respect to Covered Claims, if the Third Party Payor elects to participate in the Offer Exchange Procedures, the GUC Trust shall not make or accept any settlement offers without the prior written consent of the Third Party Payor; provided, however, that if the settlement amount only implicates a self-insured retention, the GUC Trust may proceed to make or accept settlement offers without the consent of the Third Party Payor.

Any settlements in excess of $25,000 that implicate a deductible for which a Third Party Payor may have a right of reimbursement against the Debtors or the Plan Administrator, as applicable, shall also be made in consultation with the Debtors or the Plan Administrator, as applicable.

A.    **Stage 1: Offer Exchange Procedures**

The first stage of the ADR Procedures will be the following notice, information gathering, settlement offer and exchange procedure, requiring the parties to exchange information and settlement offers and thereby providing the opportunity to resolve the Litigation Claim on a consensual basis without any further litigation (the "Offer Exchange Procedures").

If, after service of the ADR Notice, the Claimant fails to timely respond within any of the deadlines set forth in these Offer Exchange Procedures, the GUC Trust has the option of (i) advancing resolution of the Litigation Claim to mediation by advising the Claimant that the Litigation Claim will proceed to the next stage of the ADR Procedures, or (ii) pursuing its right under Section V herein.

1.    ADR Notice

Within 30 days of (i) for non-Covered Claims, the entry of an order approving the ADR Procedures, and (ii) for Covered Claims, the date the Advance Notice is served, the GUC Trust will mail a notice (the "ADR Notice") in the form annexed hereto as **Exhibit B** to the holders of Litigation Claims, and their counsel, if known, and any applicable Third Party Payors.  The ADR Notice will inform the Claimants that the Litigation Claim is included in the ADR Procedures and either (i) make the Immediate Claim Settlement Offer, or (ii) require the Claimant to return the ADR Notice with the Claim Information and Settlement Demand Form and provide supporting claim information.

The ADR Notice shall (i) disclose the applicable insurance policies and related agreements, if any, and whether the GUC Trust believes that the policy contains a deductible or a self-insured retention and (ii) require the Claimant to respond to the ADR Notice so that it is received by the GUC Trust and the Third Party Payor, if one is listed, no later than 25 days after the mailing of the ADR Notice (the "Claimant Response Deadline").

For purposes of the ADR Procedures, service on a Claimant shall be deemed adequate if such service is provided to the Claimant at the notice address specified in his or her filed proof of claim and their counsel of record in these cases, if any, or as set forth in the Debtors' schedules of assets and liabilities.  For the avoidance of doubt, service upon counsel of record shall constitute service upon the Claimant.  Claimants shall have the right to (i) request and, following such request, be served with the notices set forth herein electronically, and (ii) respond to notices and submit documents to the GUC Trust electronically.

A courtesy copy of all ADR Notices shall be promptly provided to applicable Indemnitees including the Franchisors, as applicable.

a.   Immediate Claim Settlement Offer

The GUC Trust may, but is not required to, include in the ADR Notice an offer to allow the Litigation Claim in the amount asserted by the Claimant or such lesser or different amount, as determined from the GUC Trust's reasonable review of the Litigation Claim ("Immediate Claim Settlement Offer").  If an Immediate Claim Settlement Offer is included, the Claimant shall have the option to sign and return the Immediate Claim Settlement Offer, without providing any additional information required by the ADR Procedures, in which case the Litigation Claim will be either (i) paid by the applicable Third Party Payor in accordance with the applicable insurance policy and related agreements, or (ii) to the extent the amount falls within a self-insured retention, allowed as a nonpriority General Unsecured Claim in the amount set forth in the Immediate Claim Settlement Offer, and treated in accordance with the Plan.

**Failure to sign and return the Immediate Claim Settlement Offer or to complete the Claim Information and Settlement Demand Form by the Claimant Response Deadline shall result in the Claimant being deemed to have accepted the Immediate Claim Settlement Offer and to have agreed and consented to the proposed treatment of the Litigation Claim as set forth in the Immediate Claim Settlement Offer, and the Litigation Claim shall be allowed in the amount and classification of the Immediate Claim Settlement Offer without any further action by the parties or the Bankruptcy Court.  With respect to any Claimant who fails to timely sign and return an Immediate Claim Settlement Offer, the GUC Trust shall file and serve on the applicable Claimants a notice listing the Claimants that are deemed to have accepted the Immediate Claim Settlement Offer as a result of such Claimants failure to timely return an Immediate Claim Settlement Offer.  Such Claimants shall have 10 days from service of such notice to object to the deemed acceptance of their Immediate Claim Settlement Offer solely on the grounds of excusable neglect for failure to timely return the Immediate Claim Settlement Offer.**

b.   Claim Information and Settlement Demand Form

The ADR Notice will (i) inform each Claimant that the Litigation Claim is included in the ADR Procedures, and (ii) include a form (the "Claim Information and Settlement Demand Form") that (a) requires the Claimant to make a settlement demand (the "Claimant's Demand"), and (b) provide the GUC Trust certain information and documentation that will enable the GUC Trust to evaluate the Litigation Claim and the Claimant's Demand.  The Claimant must return the completed ADR Notice and the Claim Information and Settlement Demand Form by the Claimant's Response Deadline. The Claimant shall not be required to provide duplicative information to the extent the Claimant has already provided the requested claim information as supporting documentation attached to the relevant proof of claim.

The Claimant's Demand may not exceed the amount of, or improve the priority set forth in, the Claimant's most recent timely-filed proof of claim or scheduled claim if no proof of claim was filed. The Claimant's Demand may liquidate any unliquidated amounts asserted in a proof of claim. The amount proposed in the Claimant's Demand is presumed to be classified as a nonpriority General Unsecured Claim. The Claimant may not return the Claim Information and Settlement Demand Form with an unknown, unliquidated, indefinite contingent, or similar demand.

**Any Claimant who does not timely return the completed ADR Notice and the Claim Information and Settlement Demand Form, unless otherwise agreed to in writing by the GUC Trust (i) shall not be entitled to relief from the Plan Injunction, and (ii) may have its Litigation Claim disallowed in accordance with <u>Section V</u>.**

2.      <u>GUC Trust's Response</u>

Within 45 days after the GUC Trust's receipt of a Claimant's Demand, or as soon thereafter as is practicable, the GUC Trust shall serve a response on the Claimant and its counsel, if one is identified (the "<u>GUC Trust's Response</u>"). The GUC Trust's Response shall either: (a) deny liability on the Litigation Claim; (b) accept the Claimant's Demand; (c) make a counter-offer to settle the Litigation Claim (the "<u>GUC Trust's Offer</u>"); or (d) request additional information.

With respect to Covered Claims, the GUC Trust shall provide the applicable Third Party Payor with the Claimant's Demand. If the GUC Trust elects to accept the Claimant's Demand or make a counteroffer, the GUC Trust will provide 21 days' prior notice to the applicable Third Party Payor. If the Third Party Payor elects to participate in the Proceedings within 21 days of service of such notice, the GUC Trust may not proceed to accept the offer or make the counteroffer on behalf of the Third Party Payor without the Third Party Payor's consent.

a.      <u>Denial of Liability</u>. If liability is denied by the GUC Trust, the GUC Trust shall provide a statement to the Claimant specifying the basis for the denial. Upon such denial of liability by the GUC Trust, the Offer Exchange Procedure shall be terminated and the Claimant and the GUC Trust shall immediately proceed to mediation under the Mediation Procedures (as defined below).

b.      <u>Acceptance of Claim</u>. The GUC Trust may accept the Litigation Claim as asserted in the Claimant's Demand. In such event, the Litigation Claim will be either (i) paid by the applicable Third Party Payor in accordance with the applicable insurance policy, or (ii) to the extent the amount in the Claimant's Demand falls within a self-insured retention, allowed as a nonpriority General Unsecured Claim and treated in accordance with the Plan.

c.      <u>GUC Trust's Offer</u>. The GUC Trust may make a written good faith offer of settlement based upon its review of such Litigation Claim. Such offer will be made in consultation with the Third Party Payors with respect to Covered Claims. Any settlements in excess of $25,000 which implicate a deductible for which a Third Party Payor may have a right of reimbursement against the Debtors shall also be made in consultation with the Debtors or the Plan Administrator, as applicable.

d.      <u>Additional Information</u>. The GUC Trust may request supplemental information or clarification of information to assist in a good faith evaluation of any particular Litigation Claim.  The Claimant shall serve such additional information so that it is received by the GUC Trust within 14 days of such request; <u>provided</u>, that if the Claimant requests an extension of time to serve additional information prior to the expiration of the 14-day period, the GUC Trust shall provide an extension of not less than 10 days.  If the Clamant timely responds, the time period within which the GUC Trust may otherwise respond to the Claimant's Demand shall be extended until 45 days after the supplemental information is provided.  The Litigation Claim will not be processed further until the additional information requested has been provided.

3.      <u>Claimant's Reply</u>.

Each Claimant shall have 30 days after service of the GUC Trust's Offer within which to reply (the "<u>Reply Deadline</u>").  The Claimant's reply shall be in writing and signed by the Claimant or an authorized representative and served on the GUC Trust and the Third Party Payor, if applicable.

If the GUC Trust's Offer is accepted, the Litigation Claim shall be allowed as set forth in <u>Section V.G.</u> below.  If the GUC Trust's Offer is rejected or the Claimant does not respond by the Reply Deadline, the Litigation Claim will automatically advance to the next stage of the ADR Procedures or the GUC Trust may seek relief in accordance with <u>Section V</u> herein.

Each Claimant may request supplemental information or clarification of information to assist in a good faith evaluation of the GUC Trust's Offer.  The GUC Trust shall serve such additional information so that it is received by the Claimant within 14 days of such request.

4.      <u>Confidentiality of Offer Exchange Procedures</u>

All offers and communications during the Offer Exchange Procedures shall be confidential among the parties, and no party shall disclose the contents of such communications without the prior written consent of each of the other parties.  Any and all statements and offers made during the Offer Exchange Procedures shall not be subject to discovery in any subsequent proceeding unless they are otherwise independently discoverable under applicable rules.

**B.      Stage 2: Mediation**

If a Litigation Claim is not resolved pursuant to the Offer Exchange Procedures, the second stage of the ADR Procedures will be mediation, and the following mediation procedures will apply (the "<u>Mediation Procedures</u>"). Any party may be represented by legal counsel, although the participation of legal counsel shall not be required to conduct the Mediation Procedures.

1.      <u>Mediation Notice</u>

If a Litigation Claim is not resolved pursuant to the Offer Exchange Procedures, the GUC Trust shall serve a notice of mediation (the "<u>Mediation Notice</u>") in the form annexed hereto as **Exhibit C** on the Litigation Claimant within 14 days after the completion of the Offer Exchange Procedures, or as soon thereafter as is reasonably practicable.

With respect to any potential Covered Claims, the GUC Trust also serve the Mediation Notice on the applicable Third Party Payor within 21 days after the completion of the Offer Exchange Procedures, or as soon thereafter as is reasonably practicable. Within 21 days of service of the Mediation Notice, the Third Party Payor must advise the GUC Trust in writing if it elects to participate in the Mediation Procedures as to that particular Litigation Claim. If the Third Party Payor does not respond to the GUC Trust or declines to participate within 21 days of service of the Mediation Notice (electronic mail being sufficient), the GUC Trust may proceed to engage in the Mediation Procedures, and the Third Party Payor shall be bound by any resulting settlement. For the avoidance of doubt, if the applicable Third Party Payor declines to participate in the Mediation Procedures because it contests coverage it shall not be bound by any resulting settlement without the express written consent of such Third Party Payor.

If the Third Party Payor elects to participate in the Mediation Procedures, the GUC Trust shall not make or accept any settlement offers without the prior written consent of the Third Party Payor; provided, however, that if the settlement amount only implicates a self-insured retention, the GUC Trust may proceed to make or accept settlement offers without the consent of the Third Party Payor.

       2.     <u>Appointment of a Mediator</u>.

The GUC Trust and the Third Party Payor, if applicable, shall identify 3 experienced mediators for consideration by the Claimant. The Claimant shall select one of the mediators from the list. If the Claimant is not satisfied with the GUC Trust's list of proposed mediators, the Claimant may select 3 alternative mediators, and the GUC Trust (with, if applicable, the Third Party Payor) will have the right to select 1 of the alternative mediators proposed by Claimant. To the extent the parties cannot mutually agree on a mediator, the parties will jointly petition the Bankruptcy Court to appoint a mediator.

All mediators shall be impartial and neutral. No mediator shall have any financial or personal interest in or relation to the proceedings or, except where otherwise agreed by the parties, in any related matters. Mediators need not be court appointed.

       3.     <u>Fees and Costs of a Mediator</u>.

The fees and costs of the mediator shall be divided evenly between Claimant(s), on the one hand, and the GUC Trust (or applicable Third Party Payor), on the other hand; provided, however, that the Claimant's portion shall not exceed $5,000. Each party shall bear the cost and expense of its own counsel, experts, witnesses, and prosecution. Nothing herein shall prejudice the right of the GUC Trust to seek insurance coverage for any Litigation Claim or any fees and costs of defending such Litigation Claim, including the GUC Trust's portion of the mediation fees and costs, nor shall it constitute a waiver of policy limitations or defenses to payment by any Third Party Payor. Nothing herein shall prejudice the right of the Third Party Payors to seek reimbursement for any Litigation Claim or any fees and costs of defending such Litigation Claim, including the Third Party Payors' portion of the mediation fees and costs, from the Debtors in accordance with any applicable insurance policies or related agreements.

       4.     <u>Location and Scheduling of Mediation</u>.

The Claimant and the GUC Trust (with, if applicable, the Third Party Payor with respect to Covered Claims) shall reasonably confer regarding the time, duration and location of the Mediation; provided, that the mediation shall occur within 60 days of appointment of the mediator, unless extended by the written consent of the GUC Trust, Claimant, Third Party Payor, if applicable, and mediator.  All mediation sessions may take place virtually.  If the parties are unable to agree on a date, time, and location for mediation, then the parties can petition the Bankruptcy Court to set a date, time, and location.

5.     Mediation Statements.

On or before 21 days prior to the scheduled mediation, the Claimant shall serve on the mediator and the GUC Trust (and Third Party Payor, if applicable) by electronic mail and no later than by 6:00 p.m. (New York time), a non-confidential (between the parties and the mediator), pre-mediation statement (the "Opening Statement") not to exceed 10 pages, excluding any attachments, setting forth all of the Claimant's claims and identifying each and every cause of action or theory the Claimant asserts, including a short and plain statement of the facts and law upon which the Claimant relies for recovery and maintains entitle it to relief.  The Claimant shall include, as exhibits or annexes to the Opening Statement, any documents, affidavits or other evidentiary materials on which the Claimant relies, but which are not attached to the Claimant's proof of claim.  On or before 14 days after service of the Opening Statement, the GUC Trust shall serve on the mediator and the Claimant, by electronic mail and no later than by 6:00 p.m. (New York time), a non-confidential (between the parties and the mediator) response statement (the "Response Statement") not to exceed 10 pages, excluding attachments.  On or before 3 days after service of the Response Statement, the Claimant may serve on the mediator and the GUC Trust (and Third Party Payor, if applicable), by electronic mail and no later than by 6:00 p.m. (New York time), a reply to the Response Statement, not to exceed 5 pages.  At the mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the mediator only, addressing settlement amounts and such related negotiation matters as the mediator may request.

6.     Confidentiality of Mediation.

All meetings and Proceedings, including any statements made and evidence introduced during the Mediation shall be confidential among the parties and the mediator, and no party shall disclose the contents of such meetings and Proceedings without the prior written consent of each of the other parties.  Any and all statements made and evidence introduced at these meetings and Proceedings shall not be subject to discovery in any subsequent proceeding unless they are otherwise independently discoverable under applicable rules, nor may the mediator serve or be called as a witness in any subsequent proceeding relating to the Litigation Claim.  For the avoidance of doubt, the Mediation shall be subject to paragraphs 52-55 of the *Procedures for Complex Cases in the Southern District of Texas.*

7.     Conclusion of Mediation Procedure/Mediated Settlement.

The mediator will work with all parties towards reaching a settlement.  The mediator shall not have any authority to impose a settlement upon the parties.  Unless otherwise agreed to by the Claimant and the GUC Trust (and Third Party Payor, if applicable) in writing, the mediation process will terminate 90 days following appointment of the mediator.  A settlement reached pursuant to the Mediation Procedure shall be allowed as set forth in Section V.G. below.

8.      Mediation Report.

At the conclusion of the Mediation or the final adjournment after any continuation thereof, the parties shall sign, which signature may be electronic, a written report (the "Mediation Report") before the mediator stating that the Claimant and the GUC Trust (and Third Party Payor, if applicable) have completed the mediation process in good faith and otherwise complied with the Mediation Procedures, and either that: (i) the Litigation Claim has been settled and the terms of the settlement; or (ii) that the Claimant intends to seek to pursue litigation of the Litigation Claim outside of the ADR Procedures (the "Litigation").

**No Claimant may proceed with Litigation without completing the Mediation Procedures and obtaining the Mediation Report.  If any party does not comply with the Mediation Procedures or refuses to sign the Mediation Report, the mediator shall prepare and sign the Mediation Report, which shall indicate the non-compliance by one or both of the parties with the Mediation.  Within 10 days of the conclusion of mediation, the mediator shall email to each applicable party a copy of the Mediation Report completed and signed by the GUC Trust (if applicable, the Third Party Payor as well) and the Claimant.**

C.      **Stage 3: Relief from Plan Injunction**

1.      Relief from Plan Injunction.

Completion of the Offer Exchange Procedures and the Mediation Procedures is a prerequisite for a Claimant to obtain relief from the Plan Injunction.  Except as provided below, the Plan Injunction remains in effect against each Claimant until relief from the Plan Injunction is granted by the Bankruptcy Court with respect to the relevant Litigation Claim or as otherwise provided for herein.  No Claimant shall be granted relief from the Plan Injunction to commence or continue any action, suit or trial, to proceed with discovery, or to pursue its Litigation Claim in a nonbankruptcy forum until the Claimant has completed the Offer Exchange Procedures and the Mediation Procedures.  The Plan Injunction may be modified by a joint stipulation executed by the GUC Trust and the Claimant (the "Stipulation"), on notice to the applicable Third Party Payor with respect to any Covered Claim, to permit the liquidation of a Litigation Claim that is not resolved through the ADR Procedures.  To the extent the Claimant has completed the Offer Exchange Procedures and the Mediation Procedures and the GUC Trust and Claimant do not execute a Stipulation mutually agreeing to modify the Plan Injunction, the Claimant may seek relief from the Plan Injunction subject to the following terms and conditions:

a.      When Motion for Relief from Plan Injunction May be Heard. In the event a Litigation Claim has not been liquidated and allowed upon completion of the Offer Exchange Procedures and the Mediation Procedures, the Claimant shall have the right to seek relief from the Plan Injunction by filing a motion with the Bankruptcy Court.  The motion shall be served upon the GUC Trust, the applicable Third Party Payor(s), and their counsel.  Unless otherwise sought by the Claimant, the motion and the hearing on same shall be subject to Local Bankruptcy Rules for the Southern District of Texas, Houston Division.

b.      Claimant's Certificate. A Claimant's motion seeking relief from the Plan Injunction must include as an attachment, a certification signed by Claimant or its

attorney certifying that Claimant has completed the ADR Procedures and that despite Claimant's good faith participation in such process the Litigation Claim remains unresolved and unliquidated.  In the absence of this certification, the Bankruptcy Court may deny Claimant's motion.

        c.    <u>Third Party Payor</u>. In the event that a Claimant obtains relief from the Plan Injunction to commence or continue any action, suit or trial, to proceed with discovery, or to pursue its Litigation Claim in the Bankruptcy Court or a nonbankruptcy forum, the Plan Injunction to the extent applicable to any Third Party Payor shall terminate as to the commencement or continuation of any action for declaratory relief.

        d.    <u>No Waiver of Defenses</u>. The submission of any Litigation Claim to the ADR Procedures shall not constitute or serve as a waiver or release of any defenses or claims which the GUC Trust, on its own behalf or on behalf of the Debtors' estates, the applicable Third Party Payor, or the applicable Franchisor, may have with respect to a Claimant's request for modification of the Plan Injunction.  The GUC Trust, Third Party Payor, Franchisor, or other interested party, may oppose a Claimant's request for relief from the Plan Injunction on the basis that the Claimant has not participated in the ADR Procedures in good faith, or for any other appropriate reason, including the applicability of the Plan's discharge under section 524 of the Bankruptcy Code, and/or the costs that may be incurred by the GUC Trust or the Debtors' estates in litigating the Litigation Claim. Moreover, the submission of any Litigation Claim to the ADR Procedures shall not constitute or serve as a waiver or release of any claim or defense which may otherwise be available to the GUC Trust, on its own behalf or on behalf of the Debtors' estates, the Franchisors, or the Third Party Payors, including any policy condition, that may exist at law or in equity and that may be asserted in defending against any Litigation Claim, or which impacts insurance coverage for any Litigation Claim, in the event that the Plan Injunction is modified by order of the Bankruptcy Court.

        2.    <u>Litigation in Other Courts.</u>

If the Claimant has obtained relief from the Plan Injunction, unless the GUC Trust and the Claimant agree otherwise, if the Litigation Claim cannot be adjudicated in the Bankruptcy Court as a result of mandatory abstention or because of lack of or limitations upon subject matter jurisdiction (as determined by the Bankruptcy Court), then, litigation of such Litigation Claim shall proceed in either (a) the nonbankruptcy forum in which the Litigation Claim was pending on the Petition Date, if any, subject to the GUC Trust's right to seek removal or transfer of venue; or (b) if the Litigation Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Southern District of Texas or such other nonbankruptcy forum that has jurisdiction over the Litigation Claim.

    **D.**    **<u>Duty to Negotiate in Good Faith</u>**

During the period of these ADR Procedures, the Claimant and the GUC Trust shall negotiate in good faith in an attempt to reach an agreement for the compromise of the Litigation Claim; <u>provided</u>, <u>however</u>, that any dispute as to the underlying value of the claim shall not, in and of itself, constitute bad faith.

### E.      Admissibility of ADR Proceedings

Other than as expressly provided herein, the submission of any Litigation Claim to the ADR Procedures, the positions of the parties during compliance with the ADR Procedures, and any other admissions made during the ADR Procedures, shall not be admissible for any purpose in any case, matter or proceeding including, without limitation, trial by any party or third party, or any proceeding under 11 U.S.C. § 502, and are expressly determined by the provisions herein not to be admissions by either party.  Such positions and statements shall remain confidential among the parties and any mediator and protected by Rule 408 of the Federal Rules of Evidence.

The mediator may not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communications or other documents received or made by the mediator while serving in such capacity. The mediator may not testify or be compelled to testify regarding the mediation in connection with any arbitral, judicial or other proceeding. The mediator will not be a necessary party in any Proceedings relating to the mediation. Nothing contained in this paragraph prevents the mediator from reporting the status, but not the substance, of the mediation effort to the Court.

### F.      Discovery

In order to avoid undue expense or delay, any materials, testimony or other evidence submitted by either party during the course of the ADR Procedures, and of the kind normally available in discovery proceedings may, upon written agreement of the parties, be treated as if submitted in pretrial discovery proceedings.

### G.      Allowance and Payment of Any Settlement or Judgment

**If you hold a Litigation Claim with respect to which settlement has been reached through the ADR Procedures or judgment has been entered in a Litigation, please read the following carefully.  To the extent the Debtors' insurance policies are not available to pay the amount of such settlement or judgment (because of the Debtors' self-insured retention obligations or otherwise), holders of Litigation Claims will <u>not</u> receive a cash payment but only an Allowed General Unsecured Claim in the Debtors' Chapter 11 Cases to be treated and paid pursuant to the Plan.**

Without limiting any rights a Franchisor may have under the applicable insurance policies or applicable law, nothing contained herein shall prevent the GUC Trust and Claimant from settling a Litigation Claim at any time during the ADR Procedures by written consent of the GUC Trust, such Claimant and, with respect to Covered Claims, any applicable Third Party Payor; <u>provided</u>, <u>however</u>, that, with respect to any such written agreement providing for the settlement, resolution or other disposition of a Litigation Claim to which the Franchisor is a party, such Franchisor shall have consent rights.  In the event a settlement, resolution, or disposition is reached with respect to any Litigation Claim, the GUC Trust shall provide reasonable notice of the same to any applicable Franchisor. The GUC Trust and the applicable Franchisor shall then have 14 days to meet and confer and to resolve any outstanding issues with respect to the same.  If the GUC Trust and applicable Franchisor reach an impasse with respect to any outstanding issues, the applicable Franchisor may file a formal objection in the Bankruptcy Court and may request a hearing with respect to the same on an emergency basis.

For the avoidance of doubt in the paragraph above, in the event that (a) a settlement, resolution, or disposition with respect to any Litigation Claim names the Franchisor and a Franchisor is impacted by such settlement, resolution, or disposition or (b) a settlement, resolution or disposition triggers insurance coverage under the applicable liability policies, and the applicable Franchisor is an insured thereunder, the GUC Trust shall use commercially reasonable efforts to provide that the applicable Franchisor shall be released from any liability on such Litigation Claim under the applicable settlement agreement.

In all circumstances, any settlement discussions among the Claimant, the Debtors, Third Party Payors, and Franchisors shall remain confidential and privileged and shall not be admissible as evidence in any subsequent litigation of the Litigation Claim or elsewhere.

Other than as expressly provided for herein, nothing shall in any way affect the liability or rights of any insurance company or other Third Party Payor that is legally liable for all or any portion of a Litigation Claim under its insurance policies with the Debtors.  Only to the extent a Litigation Claim settlement amount is a Covered Claim and regardless of whether the potential Covered Claim is at any time tendered to the applicable Third Party Payor for payment, the GUC Trust shall not offer or accept any settlement of a Covered Claim without first informing the applicable Third Party Payor as provided for herein and, for Covered Claims where the applicable Third Party Payor has elected to participate, obtaining approval for any settlement amount in excess of an applicable self-insured retention.  For the avoidance of doubt, to the extent that any settlement amount falls within the applicable self-insured retention, payment of any settlement of or judgment on a Litigation Claim against the Debtors shall be in the form of an Allowed General Unsecured Claim to be treated as set forth in the Plan, and the Third Party Payors shall be released from any liability on such Litigation Claim.

## H.    Administrative Convenience Settlement Offer

With the exception of Covered Claims, the GUC Trust may, at any given time, if it believes it economically beneficial and administratively convenient for certain Claimants, waive in writing the requirement that a Claimant follow exactly each of these ADR Procedures, and by appropriate resolution from time to time, settle a Litigation Claim for amounts approximating the cost of administering such Litigation Claim provided, however, the GUC Trust's rights to waive any ADR Procedures shall be subject to, and not prejudice, the rights of the Franchisors or Third Party Payors described herein.

## VI.    FAILURE TO COMPLY WITH ADR PROCEDURES

If, absent written agreement under the conditions provided herein by the GUC Trust, a Claimant fails to comply with the ADR Procedures, negotiate in good faith, or cooperate with the GUC Trust as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Litigation Claim, or both.  Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Litigation Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances.

## VII.   **MODIFICATION OF ADR PROCEDURES BY WRITTEN CONSENT**

Notwithstanding anything to the contrary contained herein, the ADR Procedures, including any related deadlines, may be modified or extended by the written consent of the GUC Trust and Claimant and, with respect to Covered Claims, the Third Party Payor.

## VIII.  **NOTICE**

Whenever notice or service of papers is required under the ADR Procedures, it shall be given in the manner provided in the relevant section as follows:

| **GUC Trust** | **Liquidating Trust** |
|---|---|
| c/o Kelley Drye & Warren LLP | c/o Weil Gotshal & Manges LLP |
| Eric R. Wilson | Kevin Bostel |
| Jason R. Adams | Natasha Hwangpo |
| Philip A. Weintraub | Liza Carens |
| 3 World Trade Center | 767 Fifth Avenue |
| 175 Greenwich Street | New York, New York 10153 |
| New York, NY 10007 | kevin.bostel@weil.com |
| ewilson@kelleydrye.com | natasha.hwangpo@weil.com |
| jadams@kelleydrye.com | liza.carens@weil.com |
| pweintraub@kelleydrye.com | |

16

## EXHIBIT A

### Litigation Claims List

|  | Claimant | Claim No(s). |
|---|---|---|
| 1. | Garrison, Sara | 486 |
| 2. | Roe, Jacob | 20459 |
| 3. | Rohner, Mark | 290 |
| 4. | Morales, Michael | 20190 |
| 5. | Clark, Phyllis | 20135 |
| 6. | Molkenbur, William | 506 |
| 7. | Khan, Alexis | 277, 278 |
| 8. | Davis, Lynette | 289 |
| 9. | Blunt, Andrea | 506 |
| 10. | Mack, Delta | 21093 |
| 11. | Cook, Jo Anne | 2087, 2105 |
| 12. | Sly, Kyle | 2068 |
| 13. | Ameren Power & Light | 20127, 20149 |
| 14. | Hunsinger, Kenneth | 222, 248, 20279, 20280, 20281, 20282, 20283,  20285, 20825, 20830, 20833, 20836, 20839, 20841, 20843 |
| 15. | Golden, Janice | 20641 |
| 16. | Dornemann, Bailey | 225 |
| 17. | Edwards, Felicia | 20284 |
| 18. | Lauer, Paul | 20681 |
| 19. | Hill, Tamajiah | 2450 |
| 20. | Allen, Iesha | 20643 |
| 21. | Sessions, Rachel Anne | 20567 |
| 22. | Diaz, Genaro | 2559 |
| 23. | Diaz, Isabella | 2560 |
| 24. | Porter, Charles | 276, 343, 365 |
| 25. | Farino, Lorena | 21180 |
| 26. | Swapsy, Yerubbaal | 20868 |
| 27. | Carson, Jessica | 20863 |
| 28. | De Giglio, Nicholas | 20490 |
| 29. | Molkenbur, Kaedin | 506 |
| 30. | Beron, Laura | 20551 |
| 31. | Moore, Geron | 2359 |
| 32. | Van Meter, Christina | 481 |
| 33. | Van Meter, James | 482 |
| 34. | Mason, Thomas, Bianca, Milan | 106, 2502 |

|  | Claimant | Claim No(s). |
|---|---|---|
| 35. | Johnson, Mary | 563 |
| 36. | Williams, Lemuel | 2066 |
| 37. | Eisenhart, Corinne | 353 |
| 38. | Sauseda,  Deborah | 20417 |
| 39. | Rebollozo, Jose | 42, 651 |
| 40. | Mims, Johnny | 2368 |
| 41. | Otterby, Emily | 2255, 2307, 20924 |
| 42. | Hawk, Peter | 218, 219, 604 |
| 43. | Hudson, Isiah | 21160 |
| 44. | Hoffman, Ashley Brooke | 422 |

**<u>EXHIBIT B</u>**

**ADR Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al.*,[1] | Case No. 20–33353 (DRJ) |
| Debtors. | (Jointly Administered) |

**ADR NOTICE AND DEADLINE FOR SUBMISSION OF INFORMATION**

Service Date: _____

Claim No(s).: _____

Claimant: _____

Address: _____

Claimant's Attorney (if known): _____

Deadline to Respond ("Response Deadline"): _____

You are receiving this notice (the "ADR Notice") because your claim in the confirmed chapter 11 cases of NPC International, Inc. and its affiliated debtors (collectively, the "Debtors") has been submitted to alternative dispute resolution pursuant to the alternative dispute resolution procedures (the "ADR Procedures") established by order of the United States Bankruptcy Court for the Southern District of Texas entered in the above-captioned cases on _____, 2021 [Docket No.[__]] (the "ADR Order"). The ADR Procedures will be implemented, administered, and coordinated by the NPC International GUC Trust (the "GUC Trust").

A copy of the ADR Procedures, as approved by the ADR Order, is annexed hereto. Any terms not defined herein or in any subsequent notices that you may receive regarding the ADR Procedures shall have the meanings attributed to them in the ADR Procedures.

[The GUC Trust believes that your claims may be covered by an insurance policy of the Debtors. The GUC Trust has provided notice of your claim to the Third Party Payor(s) identified below and the Franchisor, if applicable. The applicable insurance policy has [a deductible in the amount of $_____ OR a self-insured retention in the amount of $_____.]

**YOU SHOULD CONSIDER CONSULTING A LAWYER.** Your participation in these ADR Procedures may either be by you or, if applicable, by a lawyer that has filed an appearance

---

[1]     The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.

4

on your behalf in the Bankruptcy Court or the court in which your previously-filed lawsuit or other proceeding is pending.

[The GUC Trust has reviewed your and [in consultation with the above identified Third Party Payor and Franchisor, if applicable,] offers the amounts set forth in the attached Immediate Claim Allowance Offer in full satisfaction of your claims.  You must respond to the Immediate Claim Allowance Offer either by (1) completing the Immediate Claim Allowance Offer and accepting                              such                              offer;                              or (2) by rejecting the offer and completing the attached Claim Information and Settlement Demand Form.  If you accept the offer, you do not need to complete the Claim Information and Settlement Demand Form.  If you reject the offer, you must complete and return the Claim Information and Settlement Demand Form, which must include a settlement demand.  **If you do not return the Immediate Claim Allowance Offer or the Claim Information and Settlement Demand Form so that it is received by the Response Deadline, you will be deemed to have accepted the Immediate Claim Allowance Offer and your claims will be deemed Allowed in the amount set forth therein without any further action by the parties or the Bankruptcy Court.**]

**[If you do not accept the Immediate Claim Allowance Offer] [T]o permit the GUC Trust to evaluate your claim, you are required to complete and return the attached Claims Information and Settlement Demand Form.  You must complete all sections of the Claims Information and Settlement Demand Form, including (1) the Section I Settlement Demand which is the amount you offer to settle your claim for; and (2) the Section II Claim information section, along with all supporting documentation.  The Claims Information and Settlement Demand Form must be returned to the GUC Trust by the Response Deadline.  If you fail to comply with this requirement, your claims may be disallowed, discharged, and waived.**

All responses must be sent to counsel to the GUC Trust:

Kelley Drye & Warren LLP
Eric R. Wilson
Jason R. Adams
Philip A. Weintraub
3 World Trade Center
175 Greenwich Street
New York, NY 10007
ewilson@kelleydrye.com
jadams@kelleydrye.com
pweintraub@kelleydrye.com

**Pursuant to the ADR Procedures and ADR Order, your Settlement Demand may not (i) include or make an unliquidated, unknown, or similar demand; and/or (ii) exceed the amount of, or improve the priority set forth in, your most recent timely-filed proof of claim. Your failure to return this ADR Notice and the Claim Information and Settlement Demand Form with a Settlement Demand for an amount certain may result in the GUC Trust seeking disallowance of the claim.**

**I HAVE READ AND UNDERSTAND THIS NOTICE.**

Date:_____

_____
Claimant Signature or Authorized Person

_____
Print Claimant or Authorized Person Name

**EACH CLAIMANT MUST SIGN THIS ADR NOTICE. ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAME ON A SEPARATE SHEET.**

*[optional]*

### IMMEDIATE CLAIM ALLOWANCE OFFER

Based on a review of your filed Proof of Claim and supporting documentation attached thereto, the GUC Trust has determined that you have asserted your Claim in the amount of $_____, and hereby offer to allow such Claim as a nonpriority General Unsecured Claim in the amount of $[_____].

If you agree to allowance of your ADR Claim as a nonpriority General Unsecured Claim in the amount of $_____, please sign below and return this form to counsel to the GUC Trust at the addresses set forth above by the Response Deadline. If you accept this offer, you are not required to submit any additional documentation or information with the return of this form. If you do not accept this offer, you must complete and return the ADR Notice and the Claims Information and Settlement Demand Form according to the instructions set forth in the ADR Notice and the ADR Procedures.

**Allowance of your Claim as a nonpriority General Unsecured Claim in the amount of $_____ does not entitle you to cash payment in the amount of $_____. Rather, you will receive [(i) an allowed general unsecured claim in the amount of $_____ that will be treated in accordance with the Plan; and (ii) a cash payment from _____ in the amount of $_____].**

☐ I agree to allowance of my claim as set forth in this Immediate Claim Allowance Offer

☐ I do not agree to allowance of my claim as set forth in this Immediate Claim Allowance Offer and will instead complete and return the ADR Notice and Claims Information and Settlement Demand Form

Date_____

_____
Claimant Signature or Authorized Person

_____
Print Claimant or Authorized Person Name

_____
Relationship to Claimant if Authorized Person

EACH CLAIMANT MUST SIGN THIS FORM. ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAMES ON A SEPARATE SHEET.

SIGNATURE OF ATTORNEY

Date_____

_____
Attorney for Claimant Signature

_____
Print Attorney for Claimant Name

**CLAIM INFORMATION AND SETTLEMENT DEMAND FORM[1]**

**I.      SETTLEMENT DEMAND**

YOU MUST INCLUDE AN OFFER FOR WHICH YOU WOULD SETTLE YOUR
LITIGATION CLAIM.  PLEASE NOTE THAT IF YOUR OFFER IS ULTIMATELY
ACCEPTED BY THE GUC TRUST AND INSURANCE IS NOT AVAILABLE TO COVER
SOME OR ALL OF YOUR LITIGATION CLAIM, YOU WILL RECEIVE ONLY AN
ALLOWED GENERAL UNSECURED CLAIM AGAINST THE DEBTORS, TO BE
SATISFIED IN ACCORDANCE WITH THE PLAN.


Amount for which you offer to settle the Litigation Claim: $_____.


**II.     CLAIM INFORMATION**

**CLAIMANT MUST PROVIDE THE FOLLOWING INFORMATION:**

1.      Name, address and telephone number of counsel:      _____

                                                            _____

                                                            _____

                                                            _____


2.      Names, addresses and telephone numbers of all
        Claimants:                                          _____

                                                            _____

                                                            _____

                                                            _____

                                                            _____


3.      Debtor against whom the claim is brought:           _____

4.      Your date of birth:      _____

5.      Date of injury:      _____

6.      Where did the incident occur?_____

        _____

        _____

        _____

---

[1]      You shall not be required to provide information duplicative of supporting documentation attached to any
relevant proof of claim filed in the chapter 11 cases.

Please specify the location and address.

7.      Are you pursuing this claim against any other party?Yes ❑ No ❑ If yes, against whom (list the name, the addresses and counsel for each party, if known)?

_____

_____

Attach additional sheets if necessary.

8.      Did you notify the Debtor(s) in writing of the incident? (If yes, attach a copy of such writing.)      Yes ❑ No ❑

9.      Is there a pending lawsuit regarding your claim? If yes, identify the court where the lawsuit is pending, the case number and the judge, if known and, attach a copy of the complaint.

_____

_____

10.      What type of injuries or damages do you have arising from the incident? Provide a medical description of any injuries. (Please state if the claim is based, in whole or in part, on an injury or damages to someone else.)

_____

_____

11.      How did the injury occur?

_____

_____

12.      Did you miss any work as a result of the incident? If so, how many days?

_____

_____

13.      Give the name and address of your employer(s) and your salary or rate of pay at the time of the incident.

_____

_____

_____

14.      Was anyone else injured or did anyone else sustain damages at the time of the incident? (If yes, list the names and addresses.)

_____

_____

_____

15. List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your claim (including, but not limited to, any representatives or agents of the Debtors).

_____

_____

_____

16. Are treatments still being given for any injury?   Yes ❏ No ❏

(If yes, provide the name and address of any and all doctors that are currently treating you for such injury and the nature of the treatment).

17. Physician Data

a.   Give the name and address of any physician, clinic or hospitals that have treated this injury. Include treatment dates.
(Attach additional sheets if necessary)

_____

_____

_____

b. Itemize all damages you claim, including any damages for emotional distress, loss of consortium or pain and suffering.

_____

_____

_____

c. Give the total amount of the medical bills you incurred as a result of suffering your injury.

_____

_____

_____

d. Itemize any other expenses you incurred as a result of the incident for which you are making a claim.

_____

_____

_____

e. Give a list of medical expenses and amounts paid by your insurance company as a result of your injury.

_____
_____
_____

f.      Give the name, address and policy number of your insurance company.

_____
_____
_____

18.      Attach the following documents:

      a.      All medical records and bills for medical services received by the Claimant as a result of the injury allegedly caused by the Debtor(s);

      b.      Autopsy/Coroner report, if applicable;

      c.      Death Certificate, if applicable; and

      d.      Photographs, videotapes, and any other documentation you wish to be considered in the evaluation of your claim.

*[Signature Page Follows]*

11

NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.

**I declare under penalty of perjury that the foregoing statements are correct.**

Date:_____

_____
Claimant Signature or Authorized Person

_____
Print Claimant or Authorized Person Name

_____
Relationship to Claimant if Authorized Person

**EACH CLAIMANT MUST SIGN THIS CLAIM INFORMATION FORM. ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAMES ON A SEPARATE SHEET.**

SIGNATURE OF ATTORNEY

Date:_____

_____
Attorney for Claimant Signature

_____
Print Attorney for Claimant Name

## EXHIBIT C

### Mediation Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| NPC INTERNATIONAL, INC., *et al.*,[1] | Case No. 20–33353 (DRJ) |
|  | (Jointly Administered) |
| Debtors. |  |

### MEDIATION NOTICE

Service Date: _____

Claim No(s).: _____

Claimant: _____

Address: _____

Claimant's Attorney (if known): _____

By this Mediation Notice, the GUC Trust appointed in the above-captioned chapter 11 cases hereby submits the above-identified claim (the "Litigation Claim") in the Debtors' chapter 11 cases to mediation, pursuant to the alternative dispute resolution procedures (the "ADR Procedures") established by order of the United States Bankruptcy Court for the Southern District of Texas entered in the above-captioned cases on _____, 2021 [Docket No.[__]] (the "ADR Order").

The GUC Trust has been unable to resolve your Litigation Claim on a consensual basis with you through the offer exchange component of the ADR Procedures. As provided for in the ADR Procedures, you and counsel to the GUC Trust shall work in good faith to select a mediator. The ADR Procedures require you to share the fees and costs of mediation charged by the mediator, up to a cap of $5,000.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section V.B. of the ADR Procedures concerning mediation.

[Signature of the GUC Trust]

---

[1]     The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.