IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>NPC INTERNATIONAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20–33353 (DRJ)<br><br>(Jointly Administered) |

**MOTION OF THE NPC INTERNATIONAL GUC TRUST
FOR AN ORDER (I) EXTENDING THE DEADLINE
BY WHICH THE NPC INTERNATIONAL GUC TRUST MAY
REMOVE CIVIL ACTIONS, AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Trustee (the "GUC Trustee") of the NPC International GUC Trust (the "GUC Trust") by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to 28 U.S.C. §1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") extending the period within which the GUC Trust may seek to remove actions to federal district court from May 27, 2021 through and including September 24, 2021. In support of this Motion the GUC Trustee respectfully states as follows

---

[1]  The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.

**BACKGROUND**

1. On July 1, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). From and after the Petition Date, the Debtors continued to operate as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the Petition Date, the Debtors were party to a number of civil actions pending in various forums (collectively, the "Prepetition Actions").

3. On September 28, 2020, the Debtors filed the *Motion of Debtors for an Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief*, seeking to extend the deadline by which they may file notices of removal under Bankruptcy Rule 9027(a), by 120 days from September 29, 2020, to January 27, 2021.[2] On October 26, 2020, the Court entered the *Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief*, extending the deadline from September 29, 2020, to January 27, 2021.[3]

4. On January 21, 2021, the Debtors filed the *Motion of Debtors for an Order (I) Further Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief*, seeking to further extend the deadline by which they may file notices of removal under Bankruptcy Rule 9027(a), by 120 days from January 27, 2021 to May 27, 2021.[4] On February 25, 2021, the Court entered the *Order (I) Further Extending the Deadline by which*

---

[2] Docket No. 725
[3] Docket No. 898
[4] Docket No. 1460

2

*the Debtors May Remove Civil Actions, and (II) Granting Related Relief*, extending the deadline from January 27, 2021 to May 27, 2021.[5]

6. 5. On January 26, 2021, the Debtors filed the *Second Amended Joint Chapter 11 Plan of NPC International, Inc. and Its Affiliated Debtors* (the "Plan").[6] On January 29, 2021, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of NPC International, Inc. and Its Affiliated Debtors* (the "Confirmation Order").[7]

6. Among other things, the Confirmation Order approved the creation of the GUC Trust. On March 31, 2021, all conditions to effectiveness of the Plan occurred and the Plan became effective (the "Effective Date"). In accordance with the Plan, the GUC Trust's responsibilities include, among other things, the reconciliation of certain general unsecured claims asserted against the Debtors in the chapter 11 cases.

7. Since the Effective Date, the GUC Trust has been actively reviewing and reconciling, and has begun to prepare objections to, the more than 3,800 proofs of claim (each, a "Claim") that have been filed in these cases. These efforts have included, and will continue to include, work to resolve Claims that remain subject to litigation pending in other jurisdictions, including the Prepetition Actions.

8. The GUC Trust has also recently obtained Court approval of ADR procedures in an effort to begin to resolve certain prepetition claims that are also the subject of Prepetition Actions. Given the GUC Trust's role in this reconciliation process, the GUC Trust

---

[5] Docket No. 1570

[6] Docket No. 1477. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[7] Docket No. 1528

seeks to preserve the right of removal under section 1452 of title 28 of the United States Code to the extent resolution of applicable claims cannot be achieved outside the context of litigation.

## RELIEF REQUESTED

9. Pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the GUC Trust requests entry of an order (i) extending by 120 days the deadline by which the GUC Trust may file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline"), from the current deadline of May 27, 2021, to September 24, 2021 and (ii) granting related relief.[8]

10. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A**.

## JURISDICTION

11. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for the relief requested in this Motion are 28 U.S.C. §1452 and Bankruptcy Rules 9006 and 9027.

---

[8] Rule G.17 of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas provides that "if a motion is filed that complies with Local Rule 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules . . . the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the deadline to file notices of removal under Bankruptcy Rule 9027(a), such deadline is automatically extended until the Court resolves the Motion.

4

**BASIS FOR RELIEF REQUESTED**

13. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides in pertinent part, that:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14. Bankruptcy Rule 9027(a)(2) further provides in pertinent part that:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Bankruptcy Rule 9027(a)(3).

16. Bankruptcy Rule 9006(b)(1) provides that the Court may extend unexpired time periods, such as the Removal Period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

5

Fed. R. Bankr. P. 9006(b)(1).

## RELIEF REQUESTED SHOULD BE GRANTED

17. It is well-settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g., In re EP Energy Corp.*, Case No. 19-35654 (MI) (Bankr. S.D. Tex. Feb. 10, 2020) (Docket No. 801) (granting 120-day initial extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re Vanguard Nat. Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. July 2, 2019) (Docket No. 529) (same); *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 18, 2018) (Docket No. 818) (same); *In re iHeartMedia, Inc.* No. 18-31274 (MI) (Bankr. S.D. Tex. May 30, 2018) (Docket No. 862) (same); *In re Cobalt Int'l Energy, Inc.*, No. 17-36709 (MI) (Bankr. S.D. Tex. Feb. 22, 2017) (Docket No. 470) (same); *In re Seadrill Ltd., No.* 17-60079 (DRJ) (Bankr. S.D. Tex. Nov. 27, 2017) (Docket No. 717) (same); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that pursuant to Bankruptcy Rule 9006(b), "it is clear that the court may grant ... an extension [of time to remove]"); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

18. The extension of the Bankruptcy Rule 9027(a) deadline until September 24, 2021 will afford the GUC Trust additional time (i) to work through unresolved Claims that relate to Prepetition Actions without unnecessary litigation, to the extent possible, and (ii) to investigate and make informed decisions regarding the Prepetition Actions including, but not limited to, whether removal is appropriate under the circumstances.

19. To date, given the limited amount of time since its formation, the GUC Trust have not been able to conclusively determine which, if any, of the Prepetition Actions it may seek to remove. Therefore, the GUC Trust believes that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), extending the deadline to file notices of removal from the current deadline of May 27, 2021 to September 24, 2021, to protect the right to remove those Prepetition Actions if the GUC Trust deems it appropriate.

20. The extension sought will afford the GUC Trust a reasonable additional amount of time to make informed decisions concerning whether to seek to remove any pending Prepetition Action and will assure that the GUC Trust does not forfeit valuable rights under 28 U.S.C. § 1452. Absent the requested extension, the GUC Trust will not be able to continue this review adequately and the result could, among other things, unnecessarily hinder the GUC Trust's duties and responsibilities in these cases, including ultimately, making distributions to General Unsecured Creditors. Further, the rights of the adversaries in the Prepetition Actions will not be prejudiced by such an extension because any party to an action that is removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

21. The GUC Trust further requests that the order approving this Motion be without prejudice to the right of the GUC Trust to seek further extensions of the Removal Deadline.

22. For the reasons stated above, the GUC Trust submits that cause exists to grant this Motion, and that the relief requested herein is appropriate and in the best interest of the GUC Trust, its beneficiaries, and the Debtors' estates, their creditors and all parties in interest.

## NOTICE

23. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee; (ii) known parties to Prepetition Actions or their counsel; and (iii) all parties requesting notice under Bankruptcy Rule 2002. In light of the procedural nature of the post-confirmation relief requested herein, the GUC Trust submits that such notice is sufficient under the circumstances and that no other or further notice is required.

WHEREFORE the GUC Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 26, 2021
New York, New York

*/s/ Jason R. Adams*
KELLEY DRYE & WARREN, LLP
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email:  ewilson@kelleydrye.com
            jadams@kelleydrye.com

*Attorneys for the GUC Trust*

## **CERTIFICATE OF SERVICE**

      I certify that on May 26, 2021, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                            */s/ Maria Vicinanza*
                                            Maria Vicinanza

# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>NPC INTERNATIONAL, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 20–33353 (DRJ)<br><br>(Jointly Administered) |

ORDER (I) EXTENDING THE DEADLINE
BY WHICH THE NPC INTERNATIONAL GUC TRUST MAY
REMOVE CIVIL ACTIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 26, 2021 (the "Motion"),² of the NPC International GUC Trust (the "GUC Trust"), for an order extending the Removal Deadline, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, and Local Rule 9013-1, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the record herein and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the

---

¹ The Debtors in these chapter 11 cases are: NPC International, Inc.; NPC Restaurant Holdings I LLC; NPC Restaurant Holdings II LLC; NPC Holdings, Inc.; NPC International Holdings, LLC; NPC Restaurant Holdings, LLC; NPC Operating Company B, Inc.; and NPC Quality Burgers, Inc.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the GUC Trust, its beneficiaries and the Debtors and their respective estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Removal Deadline is extended from the current deadline of May 27, 2021 through and including September 24, 2021.

3. This Order shall be without prejudice to the GUC Trust's right to seek a further extension of the Removal Deadline.

4. The GUC Trust is authorized to take all action necessary to effectuate the relief granted in this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

Dated: _____, 2021
       Houston, Texas

                                      _____
                                      THE HONORABLE DAVID R. JONES
                                      UNITED STATES BANKRUPTCY JUDGE